1  MICHAEL W. BIEN – Cal. Bar No. 096891
   VAN SWEARINGEN – Cal. Bar No. 259809
2  ALEXANDER GOURSE – Cal. Bar No. 321631
   AMY XU – Cal. Bar No. 330707
3  ROSEN BIEN GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
4  San Francisco, California 94105-1738
   Telephone:  (415) 433-6830
5  Facsimile:  (415) 433-7104
   Email:      mbien@rbgg.com
6              vswearingen@rbgg.com
               agourse@rbgg.com
7              axu@rbgg.com

8  KELIANG (CLAY) ZHU – Cal. Bar No. 305509
   DEHENG LAW OFFICES PC
9  7901 Stoneridge Drive #208
   Pleasanton, California 94588
10 Telephone:  (925) 399-5856
   Facsimile:  (925) 397-1976
11 Email:      czhu@dehengsv.com

12 ANGUS F. NI – Wash. Bar No. 53828*
   AFN LAW PLLC
13 502 Second Avenue, Suite 1400
   Seattle, Washington 98104
14 Telephone:  (773) 543-3223
   Email:      angus@afnlegal.com
15 * *Pro Hac Vice* application forthcoming

16 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**DECLARATION OF ERWIN CHEMERINSKY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Laurel Beeler<br><br>Date: September 17, 2020<br>Time: 9:30 a.m.<br>Place: Remote<br><br>Trial Date: None Set |

I, Erwin Chemerinsky, declare:

1. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently so testify. I make this declaration in support of Plaintiffs' Motion For Preliminary Injunction.

2. I am Dean of the University of California Berkeley School of Law, where I am also the Jesse H. Choper Distinguished Professor of Law. Before assuming this position in 2017, I was the founding Dean and Distinguished Professor of Law, and Raymond Pryke Professor of First Amendment Law, at the University of California, Irvine School of Law, with a joint appointment in Political Science. I previously taught at Duke Law School, the University of Southern California School of Law (where I served for four years as director of the Center for Communications Law and Policy), UCLA School of Law, and DePaul University College of Law.

3. My areas of expertise are constitutional law including the First Amendment, federal practice, civil rights and civil liberties, and appellate litigation. I am the author of eleven books, including leading treatises about constitutional law, criminal procedure, and federal jurisdiction, and more than 200 law review articles. In 2016, I was named a fellow of the American Academy of Arts and Sciences. I frequently argue appellate cases, including 7 in the U.S. Supreme Court, , and also serve as a commentator on legal issues for national and local media.

4. I have reviewed the "Executive Order on Addressing the Threat Posed by WeChat," E.O. No. 13943, issued on August 6, 2020. The Executive Order prohibits any "transaction" that is related to a messaging and social-media platform called WeChat, which is widely used by Chinese Americans and others. Yet there is no definition of the term "transaction." The Executive Order also prohibits any transaction that evades or avoids the prohibition on transactions related to WeChat. The President purported to issue the Executive Order pursuant to the International Emergency Economic Powers Act (IEEPA) and the National Emergencies Act

(NEA). The IEEPA authorizes civil and criminal penalties for the violation of the Executive Order. *See* 50 U.S.C. § 1705.

5. The Executive Order's prohibition on the use of WeChat is the equivalent of a complete ban of a newspaper, a TV channel, or a website used by the tens of millions of U.S. citizens who regularly use the WeChat platform to communicate ideas and to conduct business every day in the United States. Historically, the government has repeatedly attempted to censor or suppress certain "offensive" content on newspapers or other media. But never has the government tried to shut down entirely a public forum used by millions of Americans. Such a broad restriction on speech, as is done by this Executive Order, is unprecedented in the modern history of this country.

6. The public evidence gathered in the Complaint also strongly suggests that the Executive Order is motivated by anti-Chinese animus, which suggests that the Executive Order violates the Equal Protection Clause of the Fifth Amendment.

7. I am also deeply troubled by the fact that a violation of the Executive Order can result in civil and criminal penalties. I am unaware of any law in this country that criminalizes speech regardless of its content or the speakers' intent. The chilling effect on the exercise of free speech caused by the Executive Order is profound and constitutionally unsupportable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at 4:22 p.m., this 27th day of August, 2020.

*Erwin Chemerinsky*
Dean Erwin Chemerinsky