MICHAEL W. BIEN – 096891
VAN SWEARINGEN – 259809
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      mbien@rbgg.com
            vswearingen@rbgg.com
            agourse@rbgg.com
            axu@rbgg.com

KELIANG (CLAY) ZHU – 305509
DEHENG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, California  94588
Telephone:  (925) 399-5856
Facsimile:  (925) 397-1976
Email:      czhu@dehengsv.com

ANGUS F. NI (admitted *Pro Hac Vice*)
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington  98104
Telephone:  (773) 543-3223
Email:      angus@afnlegal.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>             Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>             Defendants. | Case No. 3:20-cv-05910-LB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. Laurel Beeler<br>Date:   September 17, 2020<br>Time:   9:30 a.m.<br>Crtrm.: Remote<br><br>Trial Date:    None Set |

On August 28, 2020, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin Defendants from enforcing Sections 1(a), 2(a), and 2(b) of Executive Order 13943. The Court has considered Plaintiffs' Motion and Reply, the Declarations and evidence, and Plaintiffs' Complaint for Declaratory and Injunctive Relief, as well as Defendants' Opposition, Declarations and evidence, and the arguments of counsel provided at the hearing held on September 17, 2020 at 9:30 a.m. Having considered the foregoing, the Court hereby finds and concludes as follows.

**Findings of Fact and Conclusions of Law**

1. On August 6, 2020, President Donald J. Trump issued Executive Order 13943. Invoking the International Economic Emergency Powers Act ("IEEPA"), Executive Order 13943 (the "Executive Order") purports to prohibit "any transactions related to WeChat" or its parent company, Tencent Holdings Ltd. Executive Order also purports to prohibit any transaction "by a United States person or within the United States" that evades, avoids, or violates this uncertain prohibition. Although the Executive Order also states that the Secretary of Commerce shall identify what transactions are prohibited by the Executive Order, it directs the Secretary to provide this clarification on the same day that the prohibition itself takes effect—effectively delaying reasonable notice of what conduct the Executive Order prohibits until after that conduct is already prohibited. The effective date is 45 days after the Executive Order was issued, September 20, 2020.

2. WeChat is the dominant social media app among Chinese-speaking persons throughout the world. The app has become an essential means of communication for Chinese-speaking persons in the United States. The Plaintiffs in this case rely on WeChat for family, social, civic, charitable, political, business and religious purposes, and use it to read, publish, and comment on news and events, to share photos and videos, to organize groups and activities, to communicate by speech and video, to store and manage personal, business and organizational records, and to transfer documents, information and monetary payments.

3.  By its terms, the Executive Order appears to ban all use of WeChat by anyone in the United States and by "United States persons" abroad.  Although the Executive Order asserts that such a broad prohibition on the use of WeChat is necessary for American national security, neither the President nor anyone in his administration has presented evidence of a bona fide national security threat related to Plaintiffs' use of WeChat.

4.  Plaintiffs' contend that Executive Order is unconstitutionally vague and overbroad under the First and Fifth Amendments to the U.S. Constitution; that the Executive Order is an unlawful content-based restriction of speech that is not narrowly tailored to serve compelling state interests; and that the Executive Order is *ultra vires*.

5.  The Court may issue a preliminary injunction where a plaintiff shows "(1) they are likely to succeed on the merits, (2) they are likely to 'suffer irreparable harm' without relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844 (9th Cir. 2020) (citations omitted).  The third and fourth factors merge where, as here, the government is the opposing party.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

6.  I find that Plaintiffs are likely to succeed on the merits of their challenges to the Executive Order.  The scope of the Executive Order is unprecedented and is facially overbroad.  The Executive Order lacks definitions of key terms, thereby depriving Plaintiffs and other parties subject to the Executive Order of adequate notice of what it actually prohibits.  The vagueness of the Executive Order is likely to lead to selective and discriminatory enforcement, and represents an unlawful content-based restriction on speech that is not narrowly tailored to serve compelling state interests.  Finally, the Executive Order is *ultra vires* because the IEEPA expressly forbids the President from issuing such a broad prohibition on personal communications and the exchange of information and informational materials.

7.  Plaintiffs have established that they have and will continue to suffer irreparable injury in the absence of preliminary relief, because the vagueness and over

breadth of the Executive Order, paired with the looming threat of civil and criminal penalties authorized by 50 U.S.C. § 1705, is already forcing them to expend time and resources searching for alternative ways of communicating with family, friends, professional contacts, customers, and political and religious associates.  These harms are ongoing and substantial, and they will be addressed by preliminary injunctive relief.

8. Plaintiffs have established that the balance of the equities tips sharply in favor of a preliminary injunction.  Plaintiffs and the public generally have a strong interest in exercising their rights under the First and Fifth Amendments, and in ensuring that Congress's duly enacted statutes "are not imperiled by executive fiat." *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1281 (9th Cir. 2020).  Likewise, the public interest favors preservation of the status quo. *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020).

9. Because Plaintiffs have demonstrated each required element, they have established that preliminary injunctive relief is warranted.

10. Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds in its discretion that it is not proper to impose any security for the preliminary injunction because of the significant public interest underlying this action. *East Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 868-69 (N.D. Cal. 2018); *Save our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir.), *as amended*, 775 F.2d 998 (9th Cir. 1985).

Therefore, IT IS HEREBY ORDERED that

11. Defendants President Donald J. Trump, in his official capacity, and Secretary of Commerce, Wilbur Ross, in his official capacity, as well as their agents, servants, employees, and all persons acting under their direction, are enjoined, pending final judgment, from enforcing Sections 1(a) and 2(a)-(b) of Executive Order 13943 to directly or indirectly prohibit or limit any use of the WeChat application in the United States or by "United States persons" abroad.

12. Pending final judgment, the effective date of the prohibitions in Sections 1(a) and 2(a)-(b) of Executive Order 13943 is stayed until 60 days after the Secretary of Commerce issues final regulations defining the specific transactions that are prohibited by these Sections.

13. Pending final judgment, Defendants, and each of them, are enjoined from seeking to impose civil or criminal penalties under 50 U.S.C. § 1705 for any alleged violation of Executive Order 13943 based on any conduct that occurs (i) before the Secretary of Commerce promulgates a definition of "transactions" under the Executive Order, or (ii) within 60 days after the Secretary promulgates that definition.

DATED: _____, 2020

                                   Honorable Laurel Beeler
                                   United States Magistrate Judge