September 3, 2020

Honorable Laurel Beeler
U.S. District Court, Northern District of California
San Francisco Courthouse, Courtroom B, 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    JOINT DISCOVERY LETTER BRIEF - *U.S. WeChat Users Alliance, et al. v. Donald J. Trump, et al.,* Case No. 3:20-cv-5910 LB

Dear Judge Beeler:

      Plaintiffs seek expedited discovery in connection with their Motion for Preliminary Injunction ("Motion"), set for expedited hearing on September 17, 2020.

## HISTORY OF DISCUSSIONS REGARDING DISCOVERY

*Plaintiffs' Position*

      Counsel for the parties met and conferred on August 25,[1] at which time Plaintiffs' counsel requested that Defendants produce by September 4 all documentary evidence that supports the factual bases for the Executive Order ("EO") at issue in the Motion, so that the production is made sufficiently before Plaintiffs' Reply (due September 11). Counsel for Defendants replied that they would discuss this request with their clients.

      By letter dated August 26, counsel for Plaintiffs counsel reiterated their request:

      Yesterday we requested certain initial disclosures and discovery by September 4, so that we can review and incorporate those materials to the extent necessary into our September [11] Reply brief. We reiterate our request here and ask that Defendants provide all evidence that support the factual bases for the issuance of Executive Order 13943. We understand that some of the relevant documentation was generated after August 6, the date of the Executive Order. We ask that you collect and produce the responsive documentation that has been generated through today, and that additional documentation can be produced on a rolling basis schedule that can be agreed upon by the parties. We would prefer to negotiate a reasonable production schedule with you rather than file a motion for expedited discovery. Please let us know by tomorrow COB if we can come to agreement on a set of materials to be produced by September 4. **Exhibit A.**

      Defendants' counsel replied by email on August 27, stating: "We are still conferring with our client and internally on the other issues and will get back to you today or tomorrow on those." **Exhibit B.** Defendants' counsel sent an email on August 28, stating in relevant part that:

---

[1] All dates in this brief refer to the year 2020.

"[W]e are working hard on these issues, but due to the need for inter-agency discussion and consultation, we require some additional time before we can provide a substantive response.  At present, we are aiming to provide our response on Monday August 31."  **Exhibit C.**  Thereafter, on August 28, Plaintiffs' counsel responded that "We would appreciate your response by noon PST on Monday [August 31]."  **Exhibit C.**  On August 31, Defendants' counsel replied that: "We are continuing to work on your request, which is requiring a certain amount of coordination. As such, we hope to have an answer for you tomorrow, but cannot provide a substantive response today."  **Exhibit C.**

On September 1 at 2:02 p.m. (PST), Plaintiffs' counsel emailed Defendants' counsel, stating:  "As the day begins to draw to a close on the east coast, we still haven't heard from you. Can we set up a call for 3:00(PST)/6:00(EST) today to better understand your position and discuss briefing of the issues to Judge Beeler."  **Exhibit C.**  The parties met and conferred by phone on September 1 at 3:00 p.m. (PST), at which time Plaintiffs' counsel reiterated their request for expedited discovery of evidence that supports the factual bases for the EO. Defendants' counsel took the position that Plaintiffs are not entitled to expedited discovery and would not produce documents on that basis.

### *Defendants' Position*

On Monday, August 24, Plaintiffs' counsel sent a letter to the Government, attaching their complaint and stating that Plaintiffs intended to move for a preliminary injunction by the end of the week.  The letter did not mention discovery.  A phone call was arranged for August 25, during which Plaintiffs requested a negotiated resolution of some or all of the issues in their complaint.  Separately, while discussing Defendants' deadline to oppose Plaintiffs' anticipated motion for a preliminary injunction, Plaintiffs inquired whether Defendants might produce the evidence they intended to rely upon some time prior to filing their opposition.  Counsel for Defendants agreed to discuss all of Plaintiffs' requests with their clients.

The next day, as defense counsel was working to get up to speed on the case and coordinating with their clients regarding Plaintiffs' requests, Plaintiffs' counsel sent a letter memorializing the agreed-upon schedule for briefing the preliminary injunction motion (significantly shorter than that contemplated by the Local Rules) and proposing expanded page limits for that briefing.  The letter also asked that, no later than September 4 and on a rolling basis thereafter, "Defendants provide all evidence that support the factual bases for the issuance of Executive Order 13943."  After initially alerting Plaintiffs' counsel that they would be unable to respond to Plaintiffs' outstanding requests on the requested time frame, Defendants' counsel emailed on August 31 that they were still working on the requests, which required internal coordination in light of Plaintiffs' previously expressed interest in a negotiated resolution of certain issues, which had been the focus of the August 25 conversation.  On September 1, Plaintiffs' counsel asked to speak with defense counsel by phone, and a call was arranged for the same day, at which time Plaintiffs' counsel informed defense counsel that they intended to move for expedited discovery.  Defendants' counsel conveyed their position that Plaintiffs are not entitled to discovery regarding the President's reasons for issuing the Order, as those matters are not reviewable and are likely to be privileged in whole or part, and that the proper course is to await final action by the Secretary of Commerce and thereafter bring any viable claims pursuant to the Administrative Procedure Act ("APA").  Plaintiffs' counsel asserted otherwise.

## STATEMENT OF UNRESOLVED ISSUE

Whether Plaintiffs are entitled to expedited discovery of "all evidence that support[s] the factual bases for the issuance of Executive Order 13943."

## SUMMARY OF EACH PARTY'S POSITION

### *Plaintiffs' Position*

Under FRCP 26(d), the court may order expedited discovery before discovery has formally commenced. *See* Advisory Committee Notes to the 1993 amendments to Rule 26(d) (Discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron. Am., Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts in the Ninth Circuit commonly consider five factors in determining whether good cause justifies expedited discovery:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Apple Inc., 768 F. Supp. 2d at 1044 (internal quotation and citation omitted). The court must perform this evaluation in light of "the entirety of the record ... and [examine] the reasonableness of the request in light of all the surrounding circumstances.

*Hudson Martin Ferrante St. Witten & Demaria, PC v. Forsythe,* No. 16CV06551, 2017 WL 550242, at *1 (N.D. Cal. Feb. 10, 2017) (citing *Semitool*, 208 F.R.D. at 275).

All five factors weigh in favor of expedited discovery. First, Plaintiffs' Motion is pending. Second, Plaintiffs' request is limited to only *documents* that provide the factual bases for the issuance of the EO. Third, the EO asserts that WeChat threatens the national security, foreign policy, and economy of the United States. *See* Bien Declaration ISO Motion (Dkt. 17-12) ¶ 2 & Ex. A. The burden is on Defendants to justify their restriction on First Amendment rights, and Plaintiffs anticipate that Defendants' Opposition will argue such threats warrant denying injunctive relief. *See Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("[I]n the First Amendment context, the moving party bears the initial burden of making a colorable claim that its First Amendment rights have been infringed, or are threatened with infringement … at which point the burden shifts to the government to justify the restriction."). Plaintiffs should be afforded expedited discovery on the factual bases underpinning the EO in sufficient time to incorporate such evidence into their Reply brief so as to ensure the Court has a full record on which to rule, especially considering that the grant or denial of a preliminary injunction is likely to be appealed. Fourth, any burden on Defendants must take into consideration the resources available to the United States. Defendants did not provide specific justifications for withholding the requested documents, and generally mentioned the potential for privileged documents but did not assert any specific privilege. Fifth, as discussed above, Plaintiffs first requested this discovery on August 25, in the same letter confirming the parties'

proposed expedited briefing and hearing schedule.  One week of meeting and conferring was unsuccessful.

### Defendants' Position

Plaintiffs are not entitled to discovery—on an expedited basis or otherwise.  First, as a procedural matter, Plaintiffs have not yet genuinely attempted to confer regarding this dispute. Until they presented Defendants with a draft of this letter brief late Tuesday night, Plaintiffs had simply insisted that Defendants produce "all evidence" (not just all documents) on which the Executive Order is based, and the "compromise" they propose below is not a compromise at all.[2]

That aside, Plaintiffs fail to show good cause for their request.  First, they are not entitled to discovery of the President's reasons for issuing the Executive Order.  Under the APA, Congress has created an orderly procedure to challenge governmental action, and it does not include discovery.  Rather, under that regime, a plaintiff must wait for an agency, such as the Secretary of Commerce here, to take final action—defined as the "consummation of the…decision-making process" giving rise to "legal consequences"—before bringing any claims. *See* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 178 (1997).  Any such challenge is decided on the basis of an administrative record compiled by the agency, not discovery.  5 U.S.C.  706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).

Plaintiffs seek to leapfrog that process by focusing their challenge on the Executive Order, rather than the action that could be properly challenged: its implementation.  Put another way, the Executive Order itself has no legal effect against the Plaintiffs, and it cannot give rise to any such effect until, at a minimum, the Secretary of Commerce delineates the transactions that will be subject to the Order.  *See* EO § 1(a)-(c).  Moreover, as courts have repeatedly acknowledged, in light of the "broad discretion" delegated to the President under the International Emergency Economic Powers Act ("IEEPA"), courts cannot review the national emergency determinations underlying the President's exercise of that authority.  *See California v. Trump*, 407 F. Supp. 3d 869, 890-91 (N.D. Cal. 2019) (whether "the national emergency truly exists" or required the measures directed by the President "are nonjusticiable political questions"); *Ctr. for Biological Diversity v. Trump*, No. 1:19-CV-00408, 2020 WL 1643657, at *10–12 (D.D.C. Apr. 2, 2020) ("Although presidential declarations of emergencies…have been at issue in many cases, no court has ever reviewed the merits of such a declaration").

Even if Plaintiffs could surmount these obstacles, their request would still be misplaced because it is aimed at the White House itself and thus is at odds with the Supreme Court's admonition that the "Executive Branch's interest in maintaining the autonomy of its office and safeguarding the confidentiality of its communications" counsels "judicial deference and restraint" that should "inform the conduct of the entire proceeding, including the timing and scope of discovery."  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 385 (2004); *see also Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020) (similar), *and, e.g.*, *La Unión del Pueblo Entero v. Ross*, 353 F. Supp. 3d 381, 399 (D. Md. 2018) (discovery targeting the White House would "implicate[] a whole set of…separation of powers issues, and executive privilege issues").

---

[2] Defendants are aware of no authority authorizing a court to assume facts in connection with a Rule 65 motion simply because no discovery has been had in advance of that motion.

Finally, Plaintiffs' request should be denied given the mere posture of this case. Plaintiffs not only filed their motion for a preliminary injunction without referencing any need for discovery but also stipulated to a schedule that does not contemplate discovery by either side in connection with litigating that motion.  Dkt. No. 16; *see McKellar v. Mithril Capital Mgmt. LLC*, No. 19-CV-07314-CRB (LB), 2020 WL 969148, at *2 (N.D. Cal. Feb. 28, 2020) ("Even if there were utility to the discovery[,]…the broad scope of the discovery will derail the motions schedule.").  The Court should, at a minimum, evaluate the justiciability issues that Defendants intend to present in their opposition and, if necessary, a motion under Federal Rule of Civil Procedure 12(b), before granting any request for discovery.  That approach appropriately balances the separation of powers questions presented, the time and burden involved in perfecting any necessary and applicable claims of Executive Privilege, and Plaintiffs' recourse under the APA, as authorized by law, once the Secretary of Commerce takes final action.

## EACH PARTY'S FINAL PROPOSED COMPROMISE

### *Plaintiffs' Proposal*

By September 6, Defendants produce all non-privileged documentary evidence that was generated <u>through August 6</u> that supports the factual bases for the EO.  By September 6, Defendants produce a privilege log identifying each document withheld and stating the basis for the privilege asserted.  In the event that Defendants do not produce the documents and/or privilege log identified in this proposal, the court may assume *for purposes of the PI motion only* that there is no specific evidence to justify the EO.

### *Defendants' Proposal*

Plaintiffs withdraw their request for expedited discovery and Defendants agree that their opposition to Plaintiffs' motion for a preliminary injunction will not rely on any documents that are not publicly available (though they may submit a declaration, if appropriate), thus resolving Plaintiffs' concerns about how they can draft their reply brief.

Respectfully submitted,

/s/ Michael W. Bien                                      /s/ Serena M. Orloff
Michael W. Bien                                          Serena M. Orloff
Counsel for Plaintiffs                                   Counsel for Defendants

## FILER'S ATTESTATION

As required by Local Rule 5-1, I, Michael W. Bien, attest that I obtained concurrence in the filing of this document from Serena M. Orloff, and that I have maintained records to support this concurrence.

DATED:  September 3, 2020                    /s/ Michael W. Bien
                                                              Michael W. Bien

# Exhibit A



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

August 26, 2020

<u>VIA ELECTRONIC MAIL ONLY</u>

Serena M. Orloff                              Stuart J. Robinson
Michael L. Drezner                            U.S. Department of Justice
U.S. Department of Justice, Civil Division    Civil Division, Federal Programs Branch
Federal Programs Branch                       450 Golden Gate Ave.
1100 L Street NW, Room 12512                  San Francisco, CA 94102
Washington, DC 20005                          stuart.j.robinson@usdoj.gov
Serena.M.Orloff@usdoj.gov
Michael.L.Drezner@usdoj.gov

   Re: *U.S. WeChat Users Alliance, et al. v. Donald J. Trump, et al.,* Case No.
     3:20-cv-5910 LB;
     <u>Our File No. 1696-1</u>

Dear Counsel:

   We write to meet and confer regarding the following matters.

**<u>Proposed Schedule</u>**

   Thank you again for taking the time to talk with us yesterday. We agree to the
schedule that you proposed yesterday, and have copied you on our email to Judge Beeler
this morning requesting her confirmation of the below schedule:

   Motion: Friday, August 28

   Opposition: Tuesday, September 8

   Reply: Friday, September 11

   Hearing: September 15 or 16, or another day prior to September 20

[3603386.1]

August 26, 2020
Page 2

### Expedited Discovery

Yesterday we requested certain initial disclosures and discovery by September 4, so that we can review and incorporate those materials to the extent necessary into our September 8 Reply brief.   We reiterate our request here and ask that Defendants provide all evidence that support the factual bases for the issuance of Executive Order 13943.  We understand that some of the relevant documentation was generated after August 6, the date of the Executive Order.  We ask that you collect and produce the responsive documentation that has been generated through today, and that additional documentation can be produced on a rolling basis schedule that can be agreed upon by the parties.  We would prefer to negotiate a reasonable production schedule with you rather than file a motion for expedited discovery.  Please let us know by tomorrow COB if we can come to agreement on a set of materials to be produced by September 4.

### Page Limits

Norther District of California Local Rules 7-2 through 7-4 set the following page limits:  Motion – 25 pages; Opposition – 25 pages; Reply – 15 pages.  We ask for your agreement to enlarge the limits to:  Motion – 40 pages; Opposition – 40 pages; Reply – 20 pages.  Please let us know if you agree.  If so, we will prepare a combined stipulated briefing schedule and request to exceed page limits for your review.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*Van Swearingen*

By:  Van Swearingen

VS.kes
cc:   Michael Bien
      Clay Zhu
      Angus Ni

[3603386.1]

# Exhibit B

**Van Swearingen**

| | |
|---|---|
| **From:** | Orloff, Serena M (CIV) <serena.m.schulz-orloff@usdoj.gov> |
| **Sent:** | Thursday, August 27, 2020 10:58 AM |
| **To:** | Van Swearingen; Drezner, Michael L. (CIV); Robinson, Stuart J. (CIV) |
| **Cc:** | Michael W. Bien; Clay Zhu; Angus Ni |
| **Subject:** | RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398] |

Van,

Thank you for this letter.  We concur on the page limits you propose.  We are still conferring with our client and internally on the other issues and will get back to you today or tomorrow on those.

Serena

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, August 26, 2020 2:40 PM
**To:** Orloff, Serena M (CIV) <sorloff@CIV.USDOJ.GOV>; Drezner, Michael L. (CIV) <midrezne@CIV.USDOJ.GOV>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Cc:** Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Subject:** RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Serena, Michael, and Stuart,

Please see the attached letter.  Thank you,
Van

---

**From:** Orloff, Serena M (CIV) <serena.m.schulz-orloff@usdoj.gov>
**Sent:** Wednesday, August 26, 2020 7:59 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Drezner, Michael L. (CIV) <Michael.L.Drezner@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Cc:** Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Subject:** RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Van,

Thank you, as well, for a productive conversation last night and for these further thoughts.  We agree this is a good idea and with the language you propose below.  We are aiming to get a NOA on file soon, as well as our consent to proceed.

Serena

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, August 25, 2020 8:30 PM
**To:** Orloff, Serena M (CIV) <sorloff@CIV.USDOJ.GOV>; Drezner, Michael L. (CIV) <midrezne@CIV.USDOJ.GOV>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Cc:** Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Subject:** U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Serena, Michael, and Stuart,

Thank you for taking the time to talk to us earlier today.  We wanted to contact the judge's chambers before agreeing to the schedule that we discussed to ensure that Judge Beeler is available to hear the PI motion pursuant to that schedule.  Do you have any objection or changes to our sending the below to Judge Beeler's Calendar Clerk & Courtroom Deputy, Elaine Kabiling, at lbcrd@cand.uscourts.gov?

----

Dear Judge Beeler,

Plaintiffs in the above-captioned matter intend to file a motion for preliminary injunction on Friday, August 28.  The motion concerns President Trump's August 6, 2020 Executive Order, titled "Addressing the Threat Posed by WeChat, and Taking Additional Steps to Address the National Emergency with Respect to the Information and Communications Technology and Services Supply Chain."   The Executive Order at Section 1(a) prohibits certain actions " beginning 45 days after the date of this order," which is September 20.   The parties wish to allow the court an opportunity to rule on the motion prior to September 20.  The parties have tentatively agreed on the below schedule:

Motion:  Friday, August 28
Opposition:  Tuesday, September 8
Reply:  Friday, September 11
Hearing:  September 15 or 16

Would the Court be available to hear the matter on September 15 or 16, or another date that would allow the court to rule on the motion prior to September 20?  If so, the parties shall submit a Stipulated Request for Order Changing Time, pursuant to Civil L.R. 6-2, specifying the above schedule with the Court's preferred hearing date and time.

Thank you.

Van Swearingen

 ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.
IRS CIRCULAR 230 NOTICE:  As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

# Exhibit C

**Van Swearingen**

| | |
|---|---|
| **From:** | Drezner, Michael L. (CIV) <Michael.L.Drezner@usdoj.gov> |
| **Sent:** | Tuesday, September 1, 2020 2:14 PM |
| **To:** | Van Swearingen; Michael W. Bien; Clay Zhu; Angus Ni |
| **Cc:** | Orloff, Serena M (CIV); Robinson, Stuart J. (CIV) |
| **Subject:** | RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398] |

Thanks Van, I think I should be able to make a 6pm call.  Can you send a dial-in?  Best,

Michael

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, September 01, 2020 5:02 PM
**To:** Drezner, Michael L. (CIV) <midrezne@CIV.USDOJ.GOV>; Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Cc:** Orloff, Serena M (CIV) <sorloff@CIV.USDOJ.GOV>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Subject:** RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Hi Michael,

As the day begins to draw to a close on the east coast, we still haven't heard from you.  Can we set up a call for 3:00(PST)/6:00(EST) today to better understand your position and discuss briefing of the issues to Judge Beeler?  Thank you,
Van

**From:** Drezner, Michael L. (CIV) <Michael.L.Drezner@usdoj.gov>
**Sent:** Monday, August 31, 2020 2:55 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Cc:** Orloff, Serena M (CIV) <serena.m.schulz-orloff@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Subject:** RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Van,

We are continuing to work on your request, which is requiring a certain amount of coordination.  As such, we hope to have an answer for you tomorrow, but cannot provide a substantive response today.

Best,

Michael

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Saturday, August 29, 2020 12:38 AM
**To:** Drezner, Michael L. (CIV) <CIV.USDOJ.GOV>; Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Cc:** Orloff, Serena M (CIV) <sorloff@CIV.USDOJ.GOV>; Robinson, Stuart J. (CIV) <strobins@CIV.USDOJ.GOV>
**Subject:** RE: U.S. WeChat Users Alliance v. Trump. No. 20-5910 [IWOV-DMS.FID71398]

Hi Michael,
We would appreciate your response by noon PST on Monday.
Van

---

**From:** Drezner, Michael L. (CIV) <Michael.L.Drezner@usdoj.gov>
**Sent:** Friday, August 28, 2020 2:54 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Michael W. Bien <MBien@rbgg.com>; Clay Zhu <czhu@dehengsv.com>; Angus Ni <angus@afnlegal.com>
**Cc:** Orloff, Serena M (CIV) <serena.m.schulz-orloff@usdoj.gov>; Robinson, Stuart J. (CIV) <Stuart.J.Robinson@usdoj.gov>
**Subject:** U.S. WeChat Users Alliance v. Trump. No. 20-5910

Counsel,

We are sending this to follow up regarding the outstanding matters in your letter of August 24, and as to your request for clarification as to the specific coverage of Executive Order 13943, as it pertains to Plaintiffs in this matter.  Please know that we are working hard on these issues, but due to the need for inter-agency discussion and consultation, we require some additional time before we can provide a substantive response.  At present, we are aiming to provide our response on Monday August 31, and will let you know if that changes.  While we do not have further information to relate on this point, let us know if a discussion might be helpful and we can make ourselves available.

Best,

Michael Drezner
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
Work: 202.514.4505
Cell: 202.353.5038
Michael.L.Drezner@usdoj.gov