DIRK LANGER, Ph.D.
*Pro Se*
PO Box 95
Santa Barbara, California 93102
Telephone: 412-708-3752
langer@dirklanger.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG, <br><br> Plaintiff(s), <br><br> vs. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce, <br><br> Defendant(s). | Case Number: 3:20-cv-05910-LB <br><br> **DIRK LANGER MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*** |

## INTRODUCTION

Dirk Langer respectfully moves for leave to file an *amicus curiae* brief in support of the Plaintiff's Complaint For Declaratory and Injunctive Relief, related to the President's Executive Order 13943 from August 2020. A copy of the proposed brief is attached to this Motion as Exhibit A to this motion. Plaintiff has consented to the filing of this Motion and the accompanying *amicus* brief.

*Form updated May 2018*

## IDENTITY AND INTEREST OF AMICUS CURIAE

Dirk Langer is a dual citizen of the United States of America and the Federal Republic of Germany, with a background in Electrical and Computer Engineering, a Ph.D. in Robotics, and is a Technical Expert in his field, with more than 30 years of experience in the profession. Executive Order 13943, if enforced, could have a profound impact on the freedom to communicate and would set a dangerous precedent by restricting access to the exchange and dissemination of information that might not otherwise be classified or confidential.

## REASONS WHY THE MOTION SHOULD BE GRANTED

District courts have "broad discretion" to appoint *amicus curiae*. Hoptowit v. Ray, 682 F. 2d 1237, 1260 (9th Cir. 1982). "District courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or a perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" NGV Gaming, Ltd. V. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting Cobell v. Norton, 246 F. Supp. 2d 59, 62 (D.D.C.2003)). If permitted to file, Dirk Langer will fulfill "the classic role of *amicus curiae* by assisting in a case of general public interest [and] supplementing the efforts of counsel[.]" Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont., 694 F.2d 203, 204 (9th Cir. 1982).

The Court should exercise its discretion to permit Dirk Langer to file the attached *amicus* brief. Dirk Langer is familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments. He will draw upon his knowledge of electronic communication systems and social media, and his experience in the field, to demonstrate the irreparable harm the Executive Order would cause unless enjoined by the Court.

*Form updated May 2018*

### CONCLUSION

For the foregoing reasons, Dirk Langer, Ph.D. and Technical Expert, respectfully requests that this Court grant him leave to file the *amicus* brief, which is attached as Exhibit A.

Dated:                                                    Respectfully submitted,


_____
Dirk Langer, *Pro Se*

**CERTIFICATE OF SERVICE**

I, Dirk Langer, hereby certify that on the 10th day of September, 2020, I caused the foregoing document to be transmitted by Express Mail to the Clerk of the Court.

_____
Dirk Langer, *Pro Se*

Page **4** of **4**

*Form updated May 2018*

**EXHIBIT A**

```
1   DIRK LANGER, Ph.D.
    Pro Se
2   PO Box 95
    Santa Barbara, California 93102
3   Telephone: 412-708-3752
    langer@dirklanger.com
4
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>    Plaintiff(s),<br><br>vs.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>    Defendant(s). | Case Number: 3:20-cv-05910-LB<br><br>**BRIEF OF *AMICUS CURIAE* DIRK LANGER IN SUPPORT OF PLAINTIFFS** |
|---|---|

**INTRODUCTION AND STATEMENT OF INTEREST OF AMICUS CURIAE**

Dirk Langer respectfully submits this *amicus curiae* brief in support of the Plaintiff's Complaint For Declaratory and Injunctive Relief, related to the President's Executive Order 13943 from August 2020. Dirk Langer is a dual citizen of the United States of America and the Federal Republic of Germany, with a background in Electrical and Computer Engineering, with a Ph.D. in Robotics, a Technical Expert in his field, with more than 30 years of experience in the profession. Executive Order 13943, if enforced, could have a profound impact on the freedom to

*Form updated May 2018*

communicate and would set a dangerous precedent by restricting access to the exchange and dissemination of information that might not otherwise be classified or confidential.

## ARGUMENT

**I. The Executive Order Attempts to Assert Control over the Ownership of Personal and Public Information.**

It is a well-established fact that electronic communication across international borders is monitored by governments of various countries, including the United States government. Since the 1980s, telephone and fax communications have been monitored, and in later years governments began to monitor internet-based communications.  Users of the telephone and of Email or social media platforms are well aware that their communications are susceptible to interception by friendly or malign agencies.  It is and always has been up to the user to take appropriate measures to safeguard his or her information.  Personal data belongs to the person from whom it originates and, therefore, it is entirely the decision of the informed user whether to disclose his or her own personal data when using these various media platforms.  This includes all personal communication to other entities.  In issuing Executive Order 13943, the United States government attempts to assert control over the ownership of this personal data, including whether or how it can be used.  This would set a dangerous precedent which would limit communication and the dissemination of private, as well as public, information.

**II. The Government's Obligation and the Safeguarding of Information and National Security**

It is well known that there are security concerns associated with many spaces of the internet, and with computer systems in general.  As such, it is the obligation of the government to issue a security warning to the public if the government becomes aware of a potential security threat. For example, the United States government's State Department issues travel advisories for regions in the world that pose a threat to the welfare or safety of an American traveler, and the level or degree of that threat. Having been provided with that information, a traveler is in a better

*Form updated May 2018*

position to assess the consequences and make an informed decision about whether to travel to that region.  Executive Order 13943 is a blanket ban on a large space of the internet, and as such it targets millions of users in the United States and billions of users globally.  However, the United States government has not provided an explanation as to why its ban on the dissemination of personal data furthers the goal of national security.

The Government's Opposition defends the Executive Order by stating that there are numerous alternative avenues of communication available.  However, different countries utilize different communication preferences and features for their social media and communication apps, often based on cultural differences.  These country-specific social media platforms are used not only by the populations located within those countries, but by a country's diaspora who are present in the United States.  These social media platforms include WeChat in China, LINE in Japan, KakaoTalk in Korea and WhatsApp in Germany, Greece, and others.  A blanket ban by the U.S. government on WeChat targets a specific community and people of a specific national origin in the United States for no apparent reason, and would apply the very type of censorship that it denounces when applied by other governments.  The U.S. government's argument that there is a vast range of alternative apps available shows a complete lack of understanding of language and culture.  There is not a vast range of alternative communication tools that would encompass all cross-border communications, because not all apps are available in other countries and, even if they are, they may not be used because of cultural and language differences.

National security is a paramount concern of governments. There are technological solutions such as encryption  that can be utilized to safeguard sensitive information which could jeopardize national security.  The type of data displayed on a communication platform could be determined by the provider of the platform as well as the user of that platform, based on the level of security of that platform. This fact is well known to corporations and to most individuals.  Potential users should always be made aware of the level of security associated with a particular platform.

*Form updated May 2018*

The purpose of national security is to protect the nation and the lives and safety of its citizens. The goal of cybersecurity is to prevent access to critical civil and military infrastructure which could threaten national security. The action sought here by the U.S. government in preventing user access to these social media platforms is misplaced. How does, for example, the playfulness of a cat or emojis posted on a WeChat account pose a national security threat, even if analyzed by sophisticated artificial intelligence algorithms? The government, or any corporation or business, can choose to remove WeChat from devices owned by them and, as a matter of internal policy, prohibit their employees from using the App. An individual can make that same choice, but that choice is for the individual to make. The government conflates the terms "privacy" and "security" as justification for its action, as if a lack of privacy threatens security. It does not. A user has no expectation of privacy when using these platforms. Indeed, the user's purpose is for the information to be seen. Technological innovation will progress even with a ban on these platforms. So the ban would be ineffective in achieving the government's goal of national security, and would suppress an individual's right to freely associate. The ban appears to be merely a pretext for suppressing unfavorable political and social views.

Therefore, the blanket ban perpetuated by Executive Order 13943 would not further the goal of national security and will instead divest millions of Americans, as well as people of other countries, from communicating freely.

*Form updated May 2018*

**CONCLUSION**

For the foregoing reasons, Dirk Langer, Ph.D. and Technical Expert, respectfully requests that this Court grant the Plaintiff's Petition for Declaratory and Injunctive relief.

Dated:                                    Respectfully submitted,

                                          _____
                                          Dirk Langer, *Pro Se*