UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, et al., | Case No. 20-cv-05910-LB |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| DONALD J. TRUMP, et al., | Re: ECF No. 18 |
| Defendants. | |

## INTRODUCTION

The plaintiffs, who use the mobile-messaging application WeChat, challenge the constitutionality of Executive Order 13943, which — according to the plaintiffs — prohibits the use of WeChat starting on September 20, 2020.[1] (The defendants contend at least in part that the issues are not ripe until the Secretary of Commerce issues a final order.[2]) The plaintiffs moved for a preliminary injunction that is noticed for a hearing on September 17, 2020.[3] The parties dispute

---

[1] Compl. – ECF No. 1. The plaintiffs are U.S. WeChat Users Alliance, a nonprofit formed to challenge the Executive order, and individual and business users. *Id*. at 7–9 (¶¶ 19–25). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Discovery Letter – ECF No. 18 at 2, 4–5; Opp'n – ECF No. 22 at 28–30, 51 (any preliminary injunction should be limited to a stay of the Executive Order pending the Secretary's action).

[3] Mot. – ECF No. 17.

ORDER – No. 20-cv-05910-LB

1  the plaintiffs' entitlement to early discovery about the factual bases for the executive order.[4] The
2  court can decide the issue without oral argument. Civ. L. R. 7-1(b). On this record, the court
3  denies the request.

### STATEMENT

WeChat is a popular mobile application used in the United States and around the world.[5] It allows its users to send text and voice messages, make phone calls, have video conference, share photos and posts, comment on other users' posts, make payments, and use other integrated apps.[6]

On August 6, 2020, President Donald J. Trump issued Executive Order 13943, "Addressing the Threat Posed by WeChat, and Taking Additional Steps to Address the National Emergency with Respect to the Information and Communication Technology and Services Supply Chain."[7] It prohibits "any transaction that is related to WeChat by any person, or with respect to any property, subject to the jurisdiction of the United States."[8] It says the following about its effective date:

> **Section 1**. (a) The [] actions shall be prohibited beginning 45 days after the date of this order, to the extent permitted under applicable law . . .
>
> . . . .
>
> (c) 45 days after the date of this order, the Secretary [of Commerce] shall identify the transactions subject to subsection (a) of this section.[9]

In their complaint, the plaintiffs claim that the Executive Order violates the First Amendment's guaranty of freedom of speech, the Fifth Amendment's equal-protection and due-process clauses, and the Religious Freedom Restoration Act, and they also challenge the Executive

---

[4] Discovery Letter – ECF No. 18.
[5] Compl. – ECF No. 1 at 2 (¶¶ 1–2).
[6] *Id*. at 10–11 (¶¶ 29–33).
[7] *Id*. at 17 (¶ 45).
[8] *Id*. at 17–18 (¶¶ 46–47); *see also* Exec. Order No. 13943, 85 Fed. Reg. 48641 (Aug. 6, 2020).
[9] Compl. – ECF No. 1 at 17–18 (¶ 47), 18 (¶ 49).

United States District Court
Northern District of California

Order as ultra vires on several grounds, including the President's allegedly exceeding his authority under the International Economic Emergency Powers Act and not complying with other statutes.[10]

The plaintiffs want expedited discovery for "all evidence that support[s] the factual bases for the issuance of Executive Order 13943," and the government opposes the discovery.[11] All parties have consented to the court's jurisdiction.[12]

## GOVERNING LAW

A court may authorize expedited discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *IO Grp., Inc. v. Does 1–65*, No. 10-CV-4377-SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. 10-CV-0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Courts weigh five factors to determine whether good cause exists for expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purposes for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request is was made." *Hudson Martin Ferrante St. Witten & Demaria, PC v. Forsythe*, No. 16-06551-BLF (SVK), 2017 WL 550242, at *1 (N.D. Cal. Feb. 10, 2017) (cleaned up). In weighing the five factors, the court considers "the reasonableness of the request in light of all the surrounding circumstances." *Id.*

---

[10] *Id.* at 24–31 (¶¶ 63–108).

[11] Discovery Letter – ECF No. 18 at 1–2.

[12] Consents – ECF Nos. 6, 8.

ORDER – No. 20-cv-05910-LB    3

## ANALYSIS

The plaintiffs' request is broad: "all evidence that support the factual bases for the issuance of Executive Order 13943."[13] They then limited the request to "documents" that were "generated through August 6[, 2020]."[14] They want the discovery to respond to the government's opposition, in part because the First Amendment claim requires the government to justify the restriction, and they anticipate that the government will argue that threats to national security justify the Executive Order.[15] The defendants oppose the discovery on grounds that include the following: (1) the President's reasons for issuing the Executive Order are not reviewable and are likely to be privileged, and (2) the proper approach is to wait for the Secretary's final action and challenge that final action under the Administrative Procedures Act.[16] The defendants also agreed that they would not rely on any documents in their opposition that are not publicly available.[17]

On this record and argument, the court does not find good cause for early discovery. The defendants filed their opposition, and on quick review, it relies on public information (as promised). Navigating issues of privilege on the current schedule is not practicable. The interplay between the Executive Order and final agency action also militates in favor of this approach. Finally, the existing record allows consideration of the issues at the September 17, 2020 hearing.

## CONCLUSION

The court denies the plaintiff's request for expedited discovery. This disposes of ECF No. 18.

**IT IS SO ORDERED.**

Dated: September 10, 2020

LAUREL BEELER
United States Magistrate Judge

---

[13] Swearingen Letter, Ex. A to Discovery Letter – ECF No. 18 at 8.

[14] Discovery Letter – ECF No. 18 at 5.

[15] *Id.* at 3.

[16] *Id.* at 2, 4–5.

[17] *Id.* at 5.