# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK S. RYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 20-cv-05948-VC<br><br>**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 12 |

Patrick Ryan, an employee of TikTok, seeks a temporary restraining order to prevent enforcement of an executive order issued by President Trump on August 6, 2020. The Executive Order declares TikTok to be a national security threat because it is owned by ByteDance, a Chinese Company, raising the concern that the Chinese government will have access to sensitive information about TikTok users. The actual text of the Executive Order is somewhat difficult to understand, but the upshot is that it requires the Secretary of Commerce, on September 20, 2020, to publish a list of prohibited transactions involving ByteDance or its subsidiaries (including TikTok). Those who engage in prohibited transactions with ByteDance or its subsidiaries (after the Secretary of Commerce identifies the types of transactions) will be subject to criminal prosecution and civil penalties. Ryan is concerned that he could be prosecuted for receiving a paycheck from TikTok after September 20, or alternatively that TikTok will decline to pay him for fear of violating the Executive Order. He therefore requests a ruling that would prevent the government from blocking payments to TikTok employees or prosecuting those employees for receiving their paychecks.

Ryan's application for a temporary restraining order is denied for two related reasons.

First, there is a serious question about whether this Court has jurisdiction to issue a temporary restraining order at this point in time. It seems unlikely that the conflict between Ryan and the federal government has ripened into a true "case or controversy" within the meaning of Article III of the United States Constitution. *Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 297 (1979). Whether Ryan could actually face prosecution for getting a paycheck from TikTok depends on a number of uncertain conditions. As a foundational matter, the President may only exercise his emergency powers to block transactions with a foreign-owned entity. ByteDance is widely reported to be in negotiations to alter its ownership structure in a manner that could result in non-enforcement of the Executive Order.

Even if that fails, the Secretary of Commerce would need to include payments to employees on the list of prohibited transactions. And then there would need to be real risk that federal government would actually start prosecuting TikTok employees for receiving paychecks. That is an unlikely chain of events—indeed, yesterday the government filed a notice in this case specifying that the Department of Commerce "does not intend to implement or enforce [the Executive Order] in a manner which would prohibit the payment of wages and/or salaries to Plaintiff or any other employee or contractor of TikTok." It is thus doubtful—at least at this time—that Ryan's alleged fear that he faces prosecution is reasonable.

The second reason for denying the temporary restraining order is that, even if the Court presently has jurisdiction, Ryan has not demonstrated that he is likely to suffer irreparable harm absent an immediate ruling. His vague allegation that he would suffer reputational harm from the government's implementation of the Executive Order against TikTok certainly does not suffice. *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002) (citing *Paul v. Davis,* 424 U.S. 693, 701, 711 (1976)). And to the extent Ryan seeks to protect a future paycheck (or to protect against prosecution for receiving money that TikTok owes him for work performed), that protection could be readily provided at a later date, if and when the possibility of losing it becomes more concrete.

Of course, to obtain a temporary restraining order in the future Ryan would also need to

satisfy the remaining three prerequisites for obtaining a temporary restraining order, including that he demonstrate a likelihood of success on the merits (an issue on which the Court expresses no view at this time). *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). And he would need to demonstrate that no other reasonable means to protect his financial interest are available (which they may well be). But for now, suffice to say that Ryan has not demonstrated that he would suffer irreparable harm absent a temporary restraining order, a fact that would disqualify him from obtaining one even if the Court has jurisdiction at this time.[1]

**IT IS SO ORDERED.**

Dated: September 15, 2020

VINCE CHHABRIA
United States District Judge

---

[1] Incidentally, the Electronic Frontier Foundation has filed an amicus brief discussing the free speech implications of the Executive Order. Although it's true that judicial scrutiny of the Executive Order could be affected by the First Amendment, Ryan has not presented a First Amendment claim here.