JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
AUGUST FLENTJE
Special Counsel to the Acting
Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
Assistant Branch Director
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, and WILBUR ROSS, Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**NOTICE REGARDING IMPLEMENTATION OF EXECUTIVE ORDER 13943 AND PUBLICATION OF FEDERAL REGISTER NOTICE** |

1   Defendants hereby give notice that Secretary Wilbur Ross, Secretary of Commerce (the
2   "Secretary") has published a list of transactions that will be prohibited, effective September 20, 2020,
3   pursuant to Executive Order 13873, *Securing the Information and Communications Technology and*
4   *Services Supply Chain*, May 15, 2019, 84 Fed. Reg. 22689, and Executive Order 13943, *Executive*
5   *Order on Addressing the Threat Posed by WeChat*, 85 Fed. Reg. 48641 (Aug. 6, 2020).  The
6   Identification of Prohibited Transactions, and further details regarding the Secretary's determination, is
7   available to the public at the following URL:  https://s3.amazonaws.com/public-
8   inspection.federalregister.gov/2020-20921.pdf.

9   Specifically, today, September 18, 2020, and in accordance with the relevant timeframe, the
10  Secretary has determined and announced that the following transactions will be prohibited:

   1. Any provision of services to distribute or maintain the WeChat mobile application, constituent code, or mobile application updates through an online mobile application store, or any online marketplace where mobile users within the land or maritime borders of the United States and its territories may download or update applications for use on their mobile devices;

   2. Any provision of internet hosting services enabling the functioning or optimization of the WeChat mobile application, within the land and maritime borders of the United States and its territories;

   3. Any provision of content delivery services enabling the functioning or optimization of the WeChat mobile application, within the land and maritime borders of the United States and its territories;

   4. Any provision of directly contracted or arranged internet transit or peering services enabling the functioning or optimization of the WeChat mobile application, within the land and maritime borders of the United States and its territories;

   5. Any provision of services through the WeChat mobile application for the purpose of transferring funds or processing payments to or from parties within the land or maritime borders of the United States and its territories;

   6. Any utilization of the WeChat mobile application's constituent code, functions, or services in the functioning of software or services developed and/or accessible within the land and maritime borders of the United States and its territories[.]

   The Secretary's decision also clarifies that these prohibitions only apply to the parties to business-to-business transactions and do not extend to WeChat users who use the app for personal communications.  It thus confirms the assurances provided by Defendants prior to this Court's hearing on September 17, 2020, demonstrating (once again) that Plaintiffs need not fear criminal prosecution or civil enforcement for personal use of the WeChat app to communicate with friends and family, read the

news, engage in political debate, or participate in religious activities.  *See, e.g.*, Compl. ¶¶ 38-42.

This notice reinforces Defendants' prior arguments, and this Court should accordingly deny Plaintiffs' preliminary injunction for multiple reasons.  First, Plaintiffs cannot continue to complain of vagueness or lack of notice, when the Secretary has now defined the prohibitions and confirmed (before the effective date of the prohibitions) that Plaintiffs cannot be subject to civil or criminal penalties for personal use of WeChat.  Second, and for the same reason, Plaintiffs can have no reasonable claim that their speech is "chilled" when their speech is not subject to criminal or civil penalties.  Third, Plaintiffs can no longer claim irreparable harm (much less immediately imminent harm) flowing from such theories; nor can they claim that an injunction is in the public interest in light of the Secretary's action.

Notwithstanding Plaintiffs' subjective belief that WeChat's virtually unmitigated ability to create digital fascimiles of the lives of Americans, and its  intertwined relationship with the People's Republic of China, do not pose a threat to the national security, more than a decade of intelligence officials and legislators, across administrations and on both sides of the political aisle, have disagreed.  The threat is plain, well-known, and compelling; indeed, yesterday—the same day Plaintiffs were telling the Court not to worry about the threat posed by WeChat, the New York Times published a piece opining that the threat is actually "much more sinister" than even articulated in the President's Executive Orders, and that "[c]ompanies with ties to China or its government now occupy critical choke points of American society."[1]  The President has invoked his emergency powers to address that threat, and Plaintiffs have articulated no legal basis for the Court to take the extraordinary step of enjoining his exercise of that authority.

To the extent Plaintiffs continue to believe they have a legal claim, notwithstanding the detailed implementation by the Secretary, Defendants ask that the Court order the parties to meet and confer and prepare a proposed schedule to address the filing of an Amended Complaint and a schedule for further proceedings.

Dated: September 18, 2020                             Respectfully submitted,

---

[1] https://www.nytimes.com/2020/09/17/opinion/tiktok-china-strategy.html

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

AUGUST FLENTJE
Special Counsel to the Acting
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Serena Orloff*
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov

*Counsel for Defendants*