MICHAEL W. BIEN – 096891
VAN SWEARINGEN – 259809
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
vswearingen@rbgg.com
agourse@rbgg.com
axu@rbgg.com

THOMAS R. BURKE – 141930
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

DAVID M. GOSSETT – Admitted *Pro Hac Vice*
DAVIS WRIGHT TREMAINE LLP
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005-3366
Telephone: (202) 973-4216
Facsimile: (202) 973-4499
Email: davidgossett@dwt.com

KELIANG (CLAY) ZHU – 305509
DEHENG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, California 94588
Telephone: (925) 399-5856
Facsimile: (925) 397-1976
Email: czhu@dehengsv.com

ANGUS F. NI – Admitted *Pro Hac Vice*
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington 98104
Telephone: (773) 543-3223
Email: angus@afnlegal.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME**<br><br>Judge: Hon. Laurel Beeler<br><br>Trial Date: None Set |

Plaintiffs recognize that the Government desires prompt review of their stay motion, and therefore offered to stipulate to a reasonable shortening of time. Plaintiffs offered to respond to the stay motion within 7 days of filing, instead of the 14 days set forth in the Local Rules. Declaration of Michael W. Bien ("Bien Decl.") ¶ 4. The Government refused this offer and instead has moved to require Plaintiffs and the Court to engage in a last-minute fire drill.

N.D. Cal Local Rule 6-3 requires that a motion to shorten time must set forth the reasons for the request with particularity, and must identify "the substantial harm or prejudice that would occur if the Court did not change the time." The Government has pointed to no harm or prejudice that would result from hearing this matter on regular time, or on the Plaintiffs' offer to respond to their stay motion within 7 days instead of the usual 14. To date, the Government has not even committed to a decision on filing an appeal. Bien Decl. ¶ 6.

Six days ago, the Plaintiffs and the Court rushed to complete briefing and a hearing by Saturday September 19, giving up the Rosh Hashanah holiday because the Government chose to wait until September 18 to issue the Identification of prohibited transactions, with only two days left before the September 20 implementation date of the Executive Order. The Government never presented any reason why it had to ban WeChat on September 20, nor why it had to wait until September 18 to identify the prohibited transactions. The Court nevertheless gave the Government the benefit of the doubt and held an emergency weekend hearing, and worked to get its order out at 5:50 a.m. Pacific Time on September 20, so that Government would have plenty of time to respond—such as by seeking a stay or an emergency appeal—before its self-imposed deadline at midnight that day.

Then essentially nothing happened for five days, except that the government *withdrew* the Secretary's *Identification* from the Federal Register, thus likely leaving it inoperative.[1] Now the Government wants to put the Court through another weekend

---

[1] The government withdrew the Secretary of Commerce's separate identifications of

1  emergency briefing.  If this were really an emergency, the Government would have done
2  what the Court did last Friday, Saturday, and Sunday—it would have acted with dispatch.
3  The Government's decision to sit tight for five days shows that there is no emergency.

4      Plaintiffs face significant hardships if required to respond to the stay motion on the
5  Government's rush schedule.  Most important, the Government has now sandbagged the
6  Plaintiffs and the Court with two new substantive exhibits in opposition to the preliminary
7  injunction, one dated September 2 and the other dated September 17.  *See* Dkt. 68-1 &
8  Exhs. A, B.  This is of course in considerable tension with the government's prior promise
9  "that their opposition to Plaintiffs' [initial] motion for a preliminary injunction will not
10 rely on any documents that are not publicly available." *See* Dkt 18, at 5; *Discovery Order*,
11 Dkt. 25, at 4 & n.5.  And the Government now demands that the Plaintiffs address this new
12 evidence, which by all appearances was created specifically to bolster the government's
13 position in this litigation, in a matter of hours.  Plaintiffs will be prejudiced if they do not
14 receive a reasonable time to review and respond to this evidence, which the Government
15 could have easily presented last week (and three weeks ago in the case of the September 2
16 memo).  In addition, Plaintiffs' counsel already has an emergency brief due on September
17 25, 2020 in the statewide class action *Coleman v. Newsom,* 90-520 KLM (E.D. Cal.)
18 concerning the safety and health of thousands of people in state custody during the
19 worsening Covid-19 pandemic.  Three of the attorneys who work on this matter are also on
20 vacation, and a significant number of Plaintiffs' attorneys will be observing the Yom
21 Kippur holiday on Monday, September 28.  Bien Declaration ¶ 4.

22      Plaintiffs respectfully request that the Government's motion to shorten time be
23 denied, or in the alternative that the Court set a reasonable briefing schedule in which
24 Plaintiffs will have at least seven days to respond to the stay motion.

---

prohibited transactions with respect to both WeChat and TikTok, apparently on Monday morning; but later in the week it republished an updated version of the identification with respect to TikTok.  *See* https://www.federalregister.gov/documents/2020/09/24/2020-21193/identification-of-prohibited-transactions-to-implement-executive-order-13942-and-address-the-threat. It has not done so for the Identification with respect to WeChat, however, and thus we expect the earlier version is no longer actually legally operative.

1
2  DATED: September 25, 2020          Respectfully submitted,
3
                                     ROSEN BIEN GALVAN & GRUNFELD LLP
4
5                                    By: /s/ Michael W. Bien
                                         Michael W. Bien
6
7                                    Attorneys for Plaintiffs
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28