JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
AUGUST FLENTJE
Special Counsel to the Acting
Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
Assistant Branch Director
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, and WILBUR ROSS, Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SHORTEN TIME** |

This matter has been briefed and argued on a compressed timeframe since its inception. Both parties stipulated to an expedited briefing schedule on Plaintiffs' original preliminary injunction seeking to invalidate the President's Executive Order. *See* ECF No. 14. And, at Plaintiffs' urging, that schedule moved even more quickly—in a matter of hours—after Plaintiffs shifted the focus of their challenge to the Secretary's identification of prohibited transactions on September 18, 2020. *See* ECF No. 46.

Plaintiffs now object to Defendants' request to shorten time to seek a decision on their Motion to Stay Injunction Pending Appeal. ECF Nos. 68, 69. Plaintiffs raise two contradictory bases for their objection. First, they fault the Government for taking five days to file its Motion to Stay, contending that the Government cannot seek expedition when it allegedly decided to "sit tight" for five days. Pls.' Opp. at 3, ECF No. 70. Respectfully, the Government has been doing anything but "sit[tting] tight" over the past week. The undersigned counsel have been working diligently, consistent with the importance and sensitivity of the issues, to compile supporting material for the Secretary's decision issued just a week ago (which includes a classified assessment only recently cleared for lodging with the Court) and coordinate the necessary input within the Commerce Department and the Department of Justice for further proceedings in this case. And they have done so while simultaneously responding to two motions for emergency relief filed in similar lawsuits in the past week alone,[1] as well as handling other fast-moving cases on behalf of the United States.

Second, Plaintiffs assert that they would be prejudiced by having to respond to the Government's motion on an expedited time frame (though a time frame that is multiple times more leisurely than the schedule that governed Plaintiffs' renewed preliminary injunction motion). This objection does not pertain to Plaintiffs, but rather concerns Plaintiffs' counsel. *See* Pls.' Opp. at 3. The Government has detailed at length the specific harms that flows to the United States every day the Court's injunction is in effect: the continuing flow of Americans' personal and proprietary information to a corporate arm of a foreign adversary, the national security threats resulting from potential misuse of the WeChat platform

---

[1] *See* Emergency Mot. for Prelim. Inj. and Temp. Restraining Order, *Marland et al. v. Trump et al.*, ECF No. 7, 20-cv-4597 (E.D. Pa., September 19, 2020); Mot. for Prelim. Inj., *TikTok Inc. v. Trump*, No. 20-2658-CJN, ECF No. 15 (D.D.C. Sept. 23, 2020).

*U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
Reply in Support of Defendants' Motion to Shorten Time

by the Chinese government, and the foreign policy harms resulting from interference with the Executive Branch's efforts to take action against these threats. *See* ECF No. 68. Respectfully, such harms outweigh any inconvenience or difficulties cited by Plaintiffs' counsel, who previously told the Court that they "have a big team; don't worry about [expedited proceedings on Rosh Hashana]." Sept. 18, 2020 Tr. at 23:9, ECF No. 66.[2] Indeed, nine attorneys from four separate law firms or advocacy groups have appeared in the various court appearances and filings. Moreover, the issues addressed in the motion to stay are substantially similar to those that have already been litigated and the additional materials provided with Defendants' motion are not so voluminous as to preclude Plaintiffs from responding expeditiously.

For the foregoing reasons, Defendants respectfully request that the Court shorten time as requested.

Dated: September 25, 2020                     Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel to the Acting
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Serena Orloff*
SERENA M. ORLOFF
MICHAEL L. DREZNER
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167

---

[2] Expedited proceedings over Rosh Hashanah also affected Defendants' team, just as it did that of Plaintiffs.

*U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
Reply in Support of Defendants' Motion to Shorten Time

3

1
2      Fax: (202) 616-8470
       E-mail: serena.m.orloff@usdoj.gov
3
       *Counsel for Defendants*

...

28   *U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
     Reply in Support of Defendants' Motion to Shorten Time