MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
BENJAMIN BIEN-KAHN – 267933
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:	(415) 433-6830
Facsimile:	(415) 433-7104
Email:		mbien@rbgg.com
			egalvan@rbgg.com
			vswearingen@rbgg.com
			bbien-kahn@rbgg.com
			agourse@rbgg.com
			axu@rbgg.com

KELIANG (CLAY) ZHU – 305509
DEHENG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, California 94588
Telephone:	(925) 399-5856
Facsimile:	(925) 397-1976
Email:		czhu@dehengsv.com

ANGUS F. NI – Admitted *Pro Hac Vice*
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington 98104
Telephone:	(773) 543-3223
Email:		angus@afnlegal.com

THOMAS R. BURKE – 141930
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:	(415) 276-6500
Facsimile:	(415) 276-6599
Email:		thomasburke@dwt.com

DAVID M. GOSSETT – Admitted *Pro Hac Vice*
DAVIS WRIGHT TREMAINE LLP
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005-3366
Telephone:	(202) 973-4216
Facsimile:	(202) 973-4499
Email:		davidgossett@dwt.com

JOHN M. BROWNING – *Pro Hac Vice*
  forthcoming
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Telephone:	(212) 603-6410
Facsimile:	(212) 483-8340
Email:		jackbrowning@dwt.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>　　　　　Defendants. | Case No. 3:20-cv-05910-LB<br><br>**NOTICE OF FILING**<br><br>Date:　　October 15, 2020<br>Time:　　9:30 a.m.<br>Crtrm.:　Remote<br>Judge:　Hon. Laurel Beeler |

1  Plaintiffs respectfully provide notice of the filing of the Declaration of Adam Roach
2  ("Roach Declaration"), which is appended to this Notice.  Adam Roach is an expert in the
3  field of Internet communications technologies.  Roach Declaration ¶¶ 1-2 & Ex. A.  The
4  Roach Declaration provides analysis of the prohibited transactions identified in the
5  Department of Commerce's September 17, 2020 *Identification of Prohibited Transactions*
6  *to Implement Executive Order 13943 and Address the Threat Posed by WeChat and the*
7  *National Emergency with Respect to the Information and Communications Technology and*
8  *Services Supply Chain* ("*Identification*").  *Id.* ¶¶ 3-13.  This analysis rebuts Defendants'
9  Reply argument that "the actions here affect only business-to-business transactions," ECF
10  No. 83 at 14, and also explains how updates are "essential to [Plaintiffs'] use of WeChat
11  during the duration of this case," ECF No. 83 at 21.

12  Mr. Roach's analysis is also relevant to Defendants' newly-articulated argument in
13  support of their Emergency Motion For A Stay Pending Appeal in the Ninth Circuit that
14  implementation of the prohibited transactions in the *Identification* will not affect current
15  user's use of WeChat.  *See, e.g.*, *U.S. WeChat Users All. v. Trump*, No. 20-16908, Dkt 5-1
16  (9th Cir. Oct. 2, 2020) at 4 (the Secretary's actions "did not prohibit current U.S. users of
17  WeChat from continuing to use the app"); 11 ("Nothing in the Identification prohibits
18  plaintiffs, who are all current U.S. users, from continuing to use WeChat"); 27 ("The
19  Secretary also left open ample alternative channels for communication.  Permitting the
20  continued use of WeChat in its current form by existing U.S. users is plainly adequate[.]"
21  31 ("the Secretary's Identification does not prohibit any plaintiff, all of whom are current
22  U.S. WeChat users, from continuing to use the platform"); *id.* ("Though the app's
23  performance may degrade over time without access to updates or the other business-to-
24  business transactions specified in the Identification, any technical changes can be undone
25  if plaintiffs prevail, and there is no suggestion that such degradation during the pendency
26  of an appeal would be serious enough to outweigh the immediate harms to national
27  security.").

28

1  DATED: October 8, 2020		Respectfully submitted,

2					ROSEN BIEN GALVAN & GRUNFELD LLP

4					By: */s/ Michael W. Bien*
5					     Michael W. Bien

6					Attorneys for Plaintiffs