MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
BENJAMIN BIEN-KAHN – 267933
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:     (415) 433-6830
Facsimile:      (415) 433-7104
Email:          mbien@rbgg.com
                egalvan@rbgg.com
                vswearingen@rbgg.com
                bbien-kahn@rbgg.com
                agourse@rbgg.com
                axu@rbgg.com

KELIANG (CLAY) ZHU – 305509
DEHENG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, California 94588
Telephone:     (925) 399-5856
Facsimile:      (925) 397-1976
Email:          czhu@dehengsv.com

ANGUS F. NI – Admitted *Pro Hac Vice*
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington 98104
Telephone:     (773) 543-3223
Email:          angus@afnlegal.com

THOMAS R. BURKE – 141930
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:     (415) 276-6500
Facsimile:      (415) 276-6599
Email:          thomasburke@dwt.com

DAVID M. GOSSETT – Admitted *Pro Hac Vice*
DAVIS WRIGHT TREMAINE LLP
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005-3366
Telephone:     (202) 973-4216
Facsimile:      (202) 973-4499
Email:          davidgossett@dwt.com

JOHN M. BROWNING – *Pro Hac Vice*
  forthcoming
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Telephone:     (212) 603-6410
Facsimile:      (212) 483-8340
Email:          jackbrowning@dwt.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>        Defendants. | Case No. 3:20-cv-05910-LB<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge:    Hon. Laurel Beeler<br><br>Trial Date:        None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs hereby file this Administrative Motion to File Under Seal pursuant to Northern District of California Civil Local Rules 79-5 and 7-11, seeking to file under seal a document described in the Declarations of Michael W. Bien and Van Swearingen in Support of Plaintiffs' Administrative Motion to File Under Seal ("Bien Administrative Declaration" and "Swearingen Administrative Declaration"), filed herewith.

This Administrative Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Bien and Swearingen Administrative Declarations filed herewith under seal; the entire record in this action; and such other materials and argument as may be presented before or at the hearing.

DATED:  October 8, 2020

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Michael W. Bien*
      Michael W. Bien

Attorneys for Plaintiffs

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[3624782.5]

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79-5, Plaintiffs' counsel respectfully submit this Administrative Motion to File Under Seal Appendix I to Defendant's Commerce Department Decision Memorandum ("Decision Memo"), containing non-party Tencent's Mitigation Proposal referenced in Exhibit A to the Declaration of John Costello, filed by Defendants on September 28, 2020. *See* ECF No. 76-1 at 14. Pursuant to an agreement among Defendants' counsel, Plaintiffs' counsel, and Tencent, Defendants provided a copy of Appendix I to Plaintiffs' counsel for attorneys' eyes' only review on the evening of September 30, 2020. Appendix I, containing Tencent's Mitigation Proposal, comprises sensitive and sealable information, as explained more fully below and in the Bien Administrative Declaration filed in conjunction with this Administrative Motion. *See* Civ. L.R. 79-5(d)(1)(A). Plaintiffs' counsel are concurrently filing a Proposed Order Granting the Administrative Motion to File Under Seal. *See id.*, 79-5(d)(1)(B). Plaintiffs' counsel are also filing herewith an unredacted version of the Mitigation Proposal sought to be sealed, in conformance with Civil Local Rule 79-5(d)(1)(C) and (D), and will provide courtesy copies of the same documents to the Court, in conformity with Civil Local Rule 79-5(d)(2).

Defendants' counsel indicated the Government's position as "not opposing [Plaintiffs'] motion to seal, for purposes of this motion only." *See* Bien Administrative Declaration ¶ 10. Tencent's counsel indicated that "Tencent supports the sealing of this document." *Id.*

## I. THERE ARE COMPELLING REASONS TO SEAL THE REQUESTED INFORMATION.

The Court may seal documents "only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Ordinarily, the party seeking to file under seal must demonstrate "compelling reasons" for limiting public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir.

2016). Where the evidence is attached to a non-dispositive motion, however, the less demanding "good cause" standard from Rule 26(c) of the Federal Rules of Civil Procedure applies. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The good cause standard applies to documents related to a motion for preliminary injunction. *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).

Here, the Court need not decide whether the less demanding good-cause standard applies because there are clearly compelling reasons to seal Appendix I. "'Confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard." *Jam Cellars*, 2020 WL 5576346, at *1 (quoting *In re Qualcomm Litig.*, No. 3:17-cv-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)). *See also Google Inc.* v. *IXI Mobile (R&D) Ltd.*, No. 16-CV-04173-LHK, 2016 WL 10749145, at *2 (N.D. Cal. Oct. 11, 2016) (granting sealing as to exhibit, finding it contains "confidential information relating to the organization of Plaintiff's businesses and the locations of Plaintiff's data centers and servers, information that could cause competitive harm to Plaintiff if disclosed."). Agreements with third parties containing confidentiality clauses related to confidential business information similarly satisfy the "compelling reasons" standard. *See Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345, 2015 WL 3988132, at *5 (N.D. Cal., June 30, 2015).

Appendix I consists *entirely* of confidential business information. As summarized in Defendants' Commerce Department Decision Memorandum, *see* ECF No. 76-1 at 14, the confidential document describes Tencent's proposed plans and business strategies for a new U.S. version of the WeChat app, new security measures to protect the new app's source code, and partnership plans for cloud-based data storage in the United States. Disclosure of such information would result in competitors "gaining insight" into the details of Tencent's proposed "business model and strategy," *In re Qualcomm Litig.*, 2017 WL 5176922, at *2, as well as the proposed security measures intended to protect

[3624782.5]

Tencent's intellectual property and user data. As a result, there are compelling reasons for filing the document under seal.

Furthermore, the document to be sealed was provided to Plaintiffs' counsel pursuant to an agreement among Plaintiffs' counsel, Defendants' counsel, and Tencent that the document and its contents would be "subject to Attorneys-Eyes-Only treatment and subject to the highest protections available under the forthcoming protective order, and used solely in connection with the *US WeChat Users Alliance v. Trump* action[.]" Bien Administrative Decl. ¶ 6. Counsel for Tencent explained that the document "should not be publicly disclosed, both because it constitutes highly business sensitive/trade secret information, including potential business plans and potential business partners, and out of respect for the Commerce/Tencent discussions." *Id.* Sealing should be granted here. *See Synchronoss Technologies, Inc. v. Dropbox Inc.*, 2018 WL 6002319, at *3 (N.D. Cal., 2018) (finding "compelling reasons to seal portions that appear to disclose confidential negotiations and business strategies.") (internal citation and quotation omitted).

## CONCLUSION

For the foregoing reasons, as well as those articulated in the Bien Administrative Declaration, Plaintiffs respectfully request that the Court grant the Administrative Motion to File Under Seal and adopt the Proposed Order Granting the Motion.


DATED: October 8, 2020          Respectfully submitted,

                                ROSEN BIEN GALVAN & GRUNFELD LLP

                                By: */s/ Michael W. Bien*
                                    Michael W. Bien

                                Attorneys for Plaintiffs

[3624782.5]