| | |
|---|---|
| MICHAEL W. BIEN – 096891 | THOMAS R. BURKE – 141930 |
| ERNEST GALVAN – 196065 | DAVIS WRIGHT TREMAINE LLP |
| VAN SWEARINGEN – 259809 | 505 Montgomery Street, Suite 800 |
| BENJAMIN BIEN-KAHN – 267933 | San Francisco, California 94111-6533 |
| ALEXANDER GOURSE – 321631 | Telephone: (415) 276-6500 |
| AMY XU – 330707 | Facsimile: (415) 276-6599 |
| ROSEN BIEN | Email: thomasburke@dwt.com |
| GALVAN & GRUNFELD LLP | |
| 101 Mission Street, Sixth Floor | DAVID M. GOSSETT – Admitted *Pro Hac Vice* |
| San Francisco, California 94105-1738 | DAVIS WRIGHT TREMAINE LLP |
| Telephone: (415) 433-6830 | 1301 K Street N.W., Suite 500 East |
| Facsimile: (415) 433-7104 | Washington, D.C. 20005-3366 |
| Email: mbien@rbgg.com | Telephone: (202) 973-4216 |
| egalvan@rbgg.com | Facsimile: (202) 973-4499 |
| vswearingen@rbgg.com | Email: davidgossett@dwt.com |
| bbien-kahn@rbgg.com | |
| agourse@rbgg.com | JOHN M. BROWNING – *Pro Hac Vice* |
| axu@rbgg.com | forthcoming |
| | DAVIS WRIGHT TREMAINE LLP |
| KELIANG (CLAY) ZHU – 305509 | 1251 Avenue of the Americas, 21st Floor |
| DEHENG LAW OFFICES PC | New York, New York 10020-1104 |
| 7901 Stoneridge Drive #208 | Telephone: (212) 603-6410 |
| Pleasanton, California 94588 | Facsimile: (212) 483-8340 |
| Telephone: (925) 399-5856 | Email: jackbrowning@dwt.com |
| Facsimile: (925) 397-1976 | |
| Email: czhu@dehengsv.com | |
| | |
| ANGUS F. NI – Admitted *Pro Hac Vice* | |
| AFN LAW PLLC | |
| 502 Second Avenue, Suite 1400 | |
| Seattle, Washington 98104 | |
| Telephone: (773) 543-3223 | |
| Email: angus@afnlegal.com | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge: Hon. Laurel Beeler.<br><br>Trial Date: None Set |

1.  I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Administrative Motion for Leave to File Under Seal.

2.  On September 24, 2020, Defendants in this action filed a Declaration of John Costello in support of their Motion to Stay Pending Appeal. *See* ECF No. 68-1. Exhibit A to the Costello Declaration consists of a partially redacted memorandum from Mr. Costello titled "Proposed Prohibited Transactions Related to WeChat Pursuant to Executive Order 13943" (hereafter "Decision Memo"). Page 14 of the Decision Memo refers to a "proposal to mitigate the concerns identified in EO 13943" submitted by Tencent to the Department of Commerce, and describes the proposed mitigation measures at a high level of generality. Footnote 85 of the Decision Memo indicates that a copy of Tencent's Mitigation Proposal was attached to the Decision Memo as "Appendix I." Defendants did not file Appendix I or any other appendices from the Decision Memo on September 24, 2020.

3.  On Sunday, September 27, 2020, Plaintiffs' counsel emailed counsel for Defendants to request "complete copies of the non-classified information in the new evidence that Defendants submitted in connection with their stay motion," including the information contained in the appendices to the Decision Memo.

4.  On September 28, 2020 Defendants' counsel informed Plaintiffs' counsel that they were "not ready to provide [any of the appendices containing unclassified information] at this time," and suggested that the parties "work out a protective order and then talk about a schedule for production of an administrative record[.]" Plaintiffs' counsel requested that they be allowed to receive an "attorneys eyes only" copy of Appendices F and I before the October 1, 2020 filing deadline for their Opposition brief. Defendants' counsel responded that they would provide Appendix F as requested but that Plaintiffs' counsel would need to obtain consent from Tencent before Defendants would

1  produce Appendix I.

2      5.    On September 28, 2020, Defendants filed a Notice of Corrected Exhibit in
3  Support of Motion to Stay, *see* ECF No. 76-1, explaining that certain public information
4  had been inadvertently redacted from the version of the Decision Memo Defendants filed
5  on September 24, 2020.  Like the version filed on September 24, 2020, the corrected
6  version of the Decision Memo does not include Appendix I.

7      6.    On the evening of September 29, 2020, Plaintiffs' counsel contacted counsel
8  for Tencent to ask whether Tencent would be willing to share the Mitigation Proposal
9  referenced in the Costello memorandum.  The next afternoon, on September 30, 2020,
10 counsel for Tencent informed Plaintiffs' counsel that the Mitigation Proposal "should not
11 be publicly disclosed, both because it constitutes highly business sensitive/trade secret
12 information, including potential business plans and potential business partners, and out of
13 respect for the Commerce/Tencent discussions."  As a result, counsel for Tencent stated
14 that it would assent "to DOJ to provide the Proposal to plaintiffs now, subject to the
15 agreement by all plaintiffs' counsel … that it will be subject to Attorneys-Eyes-Only
16 treatment and subject to the highest protections available under the forthcoming protective
17 order, and used solely in connection with the *Us WeChat Users Alliance v. Trump* action."
18 Plaintiffs' counsel agreed to these conditions, and counsel for Defendants subsequently
19 provided Plaintiffs' counsel with a copy of Appendix I at approximately 6:45 p.m. PST on
20 September 30, 2020.

21     7.    On Thursday, October 1, 2020, Plaintiffs filed their Opposition to
22 Defendants' Motion to Stay.  *See* ECF No. 78.  The same day, Defendants filed a copy of
23 Appendix F on the Court's docket.  *See* ECF No. 77.  Defendants did not provide the Court
24 with a copy of Appendix I.  *Id.*

25     8.    On Friday, October 2, 2020, Plaintiffs' counsel emailed a proposed
26 protective order to counsel for Defendants, along with a redlined version of the proposed
27 order comparing it to the Northern District of California template.  Plaintiffs' counsel
28 requested that Defendants either approve the proposed order or propose revisions by 10

a.m. PST on Monday, October 5, 2020. Counsel for Defendants responded that they would "look at this after our filing on Tuesday, most likely Wednesday."

9. Later on Friday, October 2, 2020, Plaintiffs' counsel wrote to counsel for Defendants to ask whether Defendants would stipulate to Plaintiffs filing Appendix I under seal on Monday, October 5, 2020 before entry of a stipulated protective order, with an explanation in the motion that Appendix I would be "subject to Attorneys-Eyes-Only treatment and the highest protections available under the forthcoming protective order, and used solely in connection with the *US WeChat Users Alliance v. Trump* action." Defendants' counsel responded that they would need time to work through the "institutional ramifications" of stipulating to file Appendix I under seal. Defendants proposed that the parties "pick this discussion back up on Wednesday," after Defendants filed their Reply brief in support of their Motion to Stay, because "there are nine days between the time we file our reply brief [on Tuesday, October 6, 2020] and the hearing set by Judge Beeler," which would "give[] us plenty of time to work together to get the mitigation proposal, which is only 7 pages, in front of Judge Beeler before the hearing."

10. On October 7, 2020, Defendants' counsel emailed Plaintiffs' counsel stating the Government's position "as not opposing your motion to seal, for purposes of this motion only." Subsequent to Defendants' counsel's recommendation that the parties alert Tencent's counsel to this Administrative Motion, Plaintiffs' counsel provided a draft to Tencent's counsel (copying Defendants' counsel), and asked for Tencent's position on the Administrative Motion. On October 8, 2020, Tencent's counsel indicated that "Tencent supports the sealing of this document."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 8th day of October, 2020.

*/s/ Michael W. Bien*
Michael W. Bien

4   Case No. 3:20-cv-05910-LB
DECLARATION OF MICHAEL W. BIEN IN SUPPORT OF ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL

[3624841.4]