JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
Assistant Branch Director
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
AMY E. POWELL
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, *et al.*, | Case No. 3:20-cv-05910-LB |
| Plaintiffs, | **DEFENDANTS' NOTICE OF DECLARATION OF JOHN COSTELLO IN FURTHER SUPPORT OF MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL** |
| v. | |
| DONALD J. TRUMP, President of the United States, and WILBUR ROSS, Secretary of Commerce, | |
| | Date: Heard Oct. 15, 2020 |
| | Time: 9:30am |
| Defendants. | Judge: Hon. Laurel Beeler |

*U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
Defendants' Notice of Costello Declaration in Further Support of Motion to Stay Preliminary Injunction Pending Appeal

Defendants President Donald J. Trump and Secretary of Commerce Wilbur Ross hereby provide notice of the filing of the attached declaration of John Costello, Deputy Assistant Secretary for Intelligence and Security at the United States Department of Commerce, in response to Plaintiffs' declaration of Adam Roach and accompanying Notice, ECF Nos. 84 & 84-1, and in further support of Defendants' Motion to Stay Preliminary Injunction Pending Appeal, ECF No. 68. Mr. Roach opined on the effects of the six sets of prohibited transactions relating to the WeChat mobile application that were identified by Secretary Ross for prohibition pursuant to Executive Order 13943 on September 18, 2020. Mr. Costello responds to those assertions.

Specifically, Mr. Costello explains that only three of the six categories of prohibited transactions are projected to substantially affect the status quo for most users that have already installed the WeChat app on their devices. These are: (1) the restriction on mobile application updates set forth in category one; (2) the restriction on content delivery services set forth in category three; and (3) the restriction on directly-contracted or arranged data transmission and peering services set forth in category four. Mr. Costello states that the prohibition on updates (category one) is expected to encourage and ultimately require current WeChat users to (eventually) discontinue their use of the app, but that this change will take time. He estimates that it would take one to two years for this restriction to degrade the functioning of the WeChat app to the point that a dedicated user would no longer find it to be functional. With regard to the prohibitions on content delivery and data transmission/peering services (categories three and four), Mr. Costello notes that these restrictions will somewhat reduce the speed and functionality of the WeChat app within the United States, but that such effects, even taken together, are not expected to discourage many WeChat users from continuing to use the app. Mr. Costello explains that the remaining prohibitions (categories two, five, and six, and the part of category one that applies to new users) are primarily designed to prevent WeChat from expanding its functionalities and market within the United States and to prevent circumvention of the

prohibitions.

Further, Defendants also note that Mr. Roach lacks a foundation to opine on certain matters contained in his declaration.  For example, with respect to the first set of prohibited transactions, which applies to app stores and online marketplaces that maintain and distribute the WeChat mobile application, constituent code, and mobile application updates within the United States, Mr. Roach assumes that because there were, at last count, 19 million WeChat users in the United States, all of those users will be exposed "to potentially devastating results" when they can no longer update the WeChat app.  Roach Decl. ¶ 7.  Mr. Roach overlooks the small likelihood of such dramatic harm, as further set forth in Mr. Costello's declaration; he also has no expertise in calculating the number of WeChat users in the United States, and no basis to know which WeChat users would switch to other forms of social media and chat technology (such as Facebook, Instagram, What'sApp, Snapchat, iMessage, and others) and cease their use of WeChat after the Secretary's prohibitions went into effect.  To the extent Mr. Roach's declaration is informed only by the Plaintiffs' submissions in this matter, those submissions do not provide a foundation from which to extrapolate to all WeChat users nationwide.  Plaintiffs do not represent a certified class of WeChat users; they do not assert claims on behalf of anyone other than themselves.  Their declarations attest only to their own personal, subjective views and opinions about WeChat (five users among a stated user base of 19 million), leaving approximately 18,999,995 users whose preferences are unaccounted for in this lawsuit.  Nor can Mr. Roach find support for his opinion in the historical experience of the WeChat User Alliance Group; the Group itself is newly minted, formed only in August for the sole purpose of collecting money to fund this lawsuit.  Am. Compl. ¶ 19, ECF No. 49.[1]

Dated: October 19, 2020                             Respectfully submitted,

                                                    JEFFREY BOSSERT CLARK
                                                    Acting Assistant Attorney General

---

[1] *See also* https://uswua.org/

*U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
Defendants' Notice of Declaration of John Costello in Further Support of Motion to Stay Preliminary Injunction Pending Appeal

JOHN V. COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/  Serena M. Orloff*
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
Amy E. Powell
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov

*Counsel for Defendants*

*U.S. WeChat Users Alliance, et al. v. Trump, et al.*, Case No. 3:20-cv-05910-LB
Defendants' Notice of Declaration of John Costello in Further Support of Motion to Stay Preliminary Injunction Pending Appeal

2