JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JOHN V. COGHLAN
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
DIANE KELLEHER
Assistant Branch Director
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
AMY POWELL
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, and WILBUR ROSS, Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**NOTICE OF REDACTED VERSION OF CLASSIFIED FILING AND OBJECTION AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF, ECF NO. 96** |

**NOTICE OF REDACTED FILING**

Defendants hereby file a redacted version of a classified Counterintelligence Risk Assessment relating to WeChat that was prepared by the Office of the Director of National Intelligence (ODNI), Director of the National Counterintelligence and Security Center, in connection with the Identification of Prohibited Transactions issued by Defendant Secretary Ross on September 18, 2020. The unredacted

Notice of Redacted Version of Classified Filing and Response to Pls.' Supp. Br.
*U.S. WeChat Users Alliance et al. v. Trump*, No. 3:20-cv-05910-LB

version of this document was lodged with the Court on September 25, 2020.  *See* ECF No. 71.  The version appended to this filing has been redacted to remove classified or otherwise sensitive material and was cleared on October 20, 2020 for release.

**OBJECTION AND RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

Defendants object to Plaintiffs' Response to the Declaration of John Costello, docketed as a supplemental brief on October 20, 2020, ECF No. 96 ("Supplemental Brief").  The Supplemental Brief violates Local Rule 7-3(d), which provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except for narrow exceptions that do not apply.  Moreover, Mr. Costello's Declaration—which Defendants filed only after obtaining leave of Court at the motion hearing on October 15, 2020 (October 15, 2020 transcript at 6:16-7:15)—was itself a response to an earlier, post-reply filing of Plaintiffs, ECF No. 84, that also violated Local Rule 7-3(d).

To the extent the Court is nevertheless inclined to consider the Supplemental Brief, only two points warrant response.  First, contrary to Plaintiffs' assertions, Supp. Br. at 3, the fact that the functionality of the WeChat app for current users (*i.e.*, those that have already downloaded the app) will degrade gradually over the course of 1-2 years does not negate the irreparable harms to the United States that emanate from the Court's injunction.  The transactions identified by the Secretary represent the Executive Branch's considered determination of the measures necessary to address the national security, foreign policy, and economic threats posed by the WeChat app with due consideration for the impact on United States users and considerations of technological feasibility.  Every day that those measures are enjoined is a day that extends and postpones their protective impact and undermines the Executive Branch's authority over national security and foreign policy, including the important secondary effects of the Secretary's Identification through which users would be encouraged to transition away from the app.  Moreover, Plaintiffs do not explain how they will imminently and irreparably be harmed by restrictions that will have only a gradual and incremental impact over the course of 1-2 years; they simply speculate that the restrictions "may" limit "voice and video" calls but do not address why, in the event that occurs, they could not use other means of communication, such as the telephone or Skype.

Second, Plaintiffs assert that Mr. Costello did "not quantify" the risk of an "unpatched security

vulnerability." Supp. Br. at 3. Neither did Plaintiffs' declarant, Mr. Roach. And Mr. Costello, unlike Mr. Roach, was at least able to inform the Court of the general magnitude of the risk. *See* Costello Decl. ¶¶ 8-9 (stating that such security incidents "are rare" and occur only "on occasion" and that the "chance of an urgent software vulnerability in the WeChat app arising" before the app aged out through the lack of updates "is small"). Moreover, that risk can be avoided altogether if a user deletes the app from his or her device. *Id.* ¶ 9. Thus, the speculative, small, and avoidable risk of a security vulnerability raised by Plaintiffs in untimely Court filings should not alter the Court's assessment of Defendants' motion to stay.

The remainder of Plaintiffs' arguments are redundant of their earlier filings, and Defendants have addressed them elsewhere. *See* Defs.' Reply at 3-4, ECF No. 83.

Dated: October 21, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Serena Orloff*
SERENA M. ORLOFF
MICHAEL DREZNER
STUART J. ROBINSON
AMY POWELL
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov

*Counsel for Defendants*

Notice of Redacted Version of Classified Filing and Response to Pls.' Supp. Br.
*U.S. WeChat Users Alliance et al. v. Trump*, No. 3:20-cv-05910-LB