UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, and WILBUR ROSS, in his official capacity as Secretary of Commerce,<br><br>        Defendants. | Case No. 3:20-cv-05910-LB<br><br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Information produced in this action has thus far involved, and may in the future involve, production of information that has been designated as requiring special protection from public disclosure, and from use for any purpose other than prosecuting this litigation, because it consists of confidential, proprietary, or private information. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or information designated as requiring special protection and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  For avoidance of doubt, this Stipulated Protective Order does not govern the filing or use of classified materials, which is subject to separate authority.

2. <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel</u>: Outside Counsel of Record and Government Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces, or it consents to production of, in Disclosures (as defined below) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure</u>: all items or information, regardless of the medium or manner in

which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated, or otherwise disclosed in response to a request for documents or information in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     Government Counsel: attorneys who are employees of the United States Government and attending to the interests of the United States in connection with this action.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who have been retained to represent or advise a non-governmental party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure in this action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

their employees and subcontractors.

      2.14   <u>Protected Material</u>: any Disclosure that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.15   <u>Receiving Party</u>: a Party that receives Disclosure from a Producing Party as a result of this litigation.

3.    <u>SCOPE</u>

      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to a Receiving Party prior to the disclosure or obtained by a Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to a Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, if any, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked,

1  that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3      Parties shall give the other parties notice if they reasonably expect a deposition,

4  hearing or other proceeding to include Protected Material so that the other parties can

5  ensure that only authorized individuals who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a

7  document as an exhibit at a deposition shall not in any way affect its designation as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9      Transcripts containing Protected Material shall have an obvious legend on the title

10  page that the transcript contains Protected Material, and the title page shall be followed by

11  a list of all pages (including line numbers as appropriate) that have been designated as

12  Protected Material and the level of protection being asserted by the Designating Party. The

13  Designating Party shall inform the court reporter of these requirements. Any transcript that

14  is prepared before the expiration of a 21-day period for designation shall be treated during

15  that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period,

17  the transcript shall be treated only as actually designated.

18      (c) for information produced in some form other than documentary and for any

19  other tangible items, that the Producing Party affix in a prominent place on the exterior of

20  the container or containers in which the information or item is stored the legend

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If

22  only a portion or portions of the information or item warrant protection, the Producing

23  Party, to the extent practicable, shall identify the protected portion(s) and specify the level

24  of protection being asserted.

25      5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

26  to designate qualified information or items does not, standing alone, waive the Designating

27  Party's right to secure protection under this Order for such material. Upon timely

28  correction of a designation, the Receiving Party must make reasonable efforts to assure

1  that the material is treated in accordance with the provisions of this Order.

2  6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

3           6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation

4  of confidentiality and must commence that process within thirty days of receiving the

5  designated information, or notice (actual or constructive) of a good cause basis to contest

6  the designation.,

7           6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution

8  process by providing written notice of each designation it is challenging to the Designating

9  Party and describing the basis for each challenge. To avoid ambiguity as to whether a

10 challenge has been made, the written notice must recite that the challenge to confidentiality

11 is being made in accordance with this specific paragraph of the Protective Order. The

12 parties shall attempt to resolve each challenge in good faith and must begin the process by

13 conferring directly (in voice to voice dialogue; other forms of communication are not

14 sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

15 Party must explain the basis for its belief that the confidentiality designation was not

16 proper and must give the Designating Party an opportunity to review the designated

17 material, to reconsider the circumstances, and, if no change in designation is offered, to

18 explain the basis for the chosen designation. A Challenging Party may proceed to the next

19 stage of the challenge process only if it has engaged in this meet and confer process first or

20 establishes that the Designating Party is unwilling to participate in the meet and confer

21 process in a timely manner.

22          6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court

23 intervention, the Designating Party shall file and serve a motion to retain confidentiality

24 under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

25 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

26 that the meet and confer process will not resolve their dispute, whichever is earlier. Each

27 such motion must be accompanied by a competent declaration affirming that the movant

28 has complied with the meet and confer requirements imposed in the preceding paragraph.

Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable), or other time period prescribed by the court, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation during the time period prescribed above if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

/ / /

/ / /

/ / /

/ / /

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the Receiving Party and/or officers, directors, and employees of the Receiving Party when such disclosure is reasonably necessary for this litigation and after such individuals have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Counsel in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a person or entity not listed in paragraph 7.3 (the "Proposed Recipient") first must make a written

request to the Designating Party that (1) sets forth the full name of the Proposed Recipient and the city and state of his or her residence, and (2) describes the Proposed Recipient's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Proposed Recipient is involved, or may become involved, in any competitive decision-making or would otherwise be ineligible to receive the information at issue.

(a)(2)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[3]

/ / /

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Proposed Recipient or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Proposed Recipient or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. The provisions of Local Rule 7, including the provisions for an opposition and reply, shall govern such a motion, except that the motion and opposition shall not, without consent of the other party or leave of Court, exceed 15 pages and any such reply shall not exceed 7 pages. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Proposed Recipient or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Proposed Recipient or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Proposed Recipient  or Expert.

/ / /

/ / /

/ / /

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDING OR SUBJECT TO FOIA REQUEST**

If a Party is served with a subpoena, discovery request, or compulsory process issued in other litigation or proceeding that compels disclosure of any information or items designated or otherwise produced in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or if a United States Government Party receives a request under the Freedom of Information Act ("FOIA") that would require disclosure of such information that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or FOIA request;

(b)     promptly notify in writing the person or entity who caused the subpoena, discovery request or order to issue in the other litigation or proceeding, or served the FOIA request, that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, or by the court with jurisdiction over the protective order proceedings, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

/ / /

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and the request for information and to afford the Designating Party in this case an opportunity, when available, to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action, or otherwise consented to production by a Non-Party in this action, and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties, or otherwise consented to production by Non-Parties, in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, and may designate it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

1  by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and

2  expense of seeking protection in this court of its Protected Material.

3  10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5  Protected Material to any person or in any circumstance not authorized under this

6  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

7  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

8  unauthorized copies of the Protected Material, (c) inform the person or persons to whom

9  unauthorized disclosures were made of all the terms of this Order, and (d) request such

10  person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

11  attached hereto as Exhibit A.

12  11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
          PROTECTED MATERIAL

13

14          When a Producing Party gives notice to Receiving Parties that certain inadvertently

15  produced material is subject to a claim of privilege or other protection, the obligations of

16  the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

17  This provision is not intended to modify whatever procedure may be established in an e-

18  discovery order that provides for production without prior privilege review. Pursuant to

19  Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

20  effect of disclosure of a communication or information covered by the attorney-client

21  privilege or work product protection, or other privilege, including governmental privileges,

22  the parties may incorporate their agreement in the stipulated protective order submitted to

23  the court.

24  / / /

25  / / /

26  _____

27  [5] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality

28  interests in this court.

12.     <u>MISCELLANEOUS</u>

     12.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

     12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     12.3     <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

     12.4     <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file any Protected Material must request to file the Protected Material under seal and comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

/ / /

/ / /

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this action, as defined in paragraph 4, each Receiving Party must, within 60 days of a request by a Producing or Designating Party (including a Non-Party), return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material either expressly identified by the Producing or Designating Party in its request or identified with reasonable effort by the Receiving Party upon receiving such a request. Whether the Protected Material is returned or destroyed, the Receiving Party must, upon request, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not advertently retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

DATED:  October 22, 2020        ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Michael W. Bien*
      Michael W. Bien

Attorneys for Plaintiffs

1    DATED:  October 22, 2020      UNITED STATES DEPARTMENT OF JUSTICE

2                                          CIVIL DIVISION, FEDERAL PROGRAMS
BRANCH

3                                          JEFFREY BOSSERT CLARK

4                                          Acting Assistant Attorney General

5                                          JOHN V. COGHLAN

6                                          Deputy Assistant Attorney General

7                                          ALEXANDER K. HAAS
Branch Director

8                                          DIANE KELLEHER
Assistant Branch Director

9

10                                   By:   */s/ Serena M. Orloff*

11                                        SERENA M. ORLOFF
MICHAEL DREZNER

12                                        STUART J. ROBINSON
AMY E. POWELL

13                                        | Attorneys

14                                        Attorneys for Defendants

15

16                                 **FILER'S ATTESTATION**

17          As required by Local Rule 5-1, I, Michael W. Bien, attest that I obtained

18 concurrence in the filing of this document from Serena M. Orloff, and that I have

19 maintained records to support this concurrence.

20 DATED:  October 22, 2020          */s/ Michael W. Bien*

21                                        Michael W. Bien

22

23          PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25 DATED: _____      _____

26                                      Hon. Laurel Beeler
United States District/Magistrate Judge

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on [date] in the case

of *U.S. WeChat Users Alliance, et al. v. Trump, et al.*, 20-cv-05910-LB. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

       [printed name]

Signature   _____

       [signature]