1  KEESAL, YOUNG & LOGAN
   Peter R. Boutin, SBN 65261
2  450 Pacific Avenue
   San Francisco, CA 94133
3  Telephone: (415) 398-6000
   Facsimile: (415) 981-0136
4  peter.boutin@kyl.com

5  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   Roberto J. Gonzalez (*pro hac vice forthcoming*)
6  Jake E. Struebing (*pro hac vice forthcoming*)
   2001 K Street, NW
7  Washington, DC 20006
   Telephone: (202) 223-7300
8  Facsimile: (202) 223-7420
   rgonzalez@paulweiss.com
9  jstruebing@paulweiss.com

10 Anand Sithian (*pro hac vice forthcoming*)
   Julie L. Rooney (*pro hac vice forthcoming*)
11 1285 Avenue of the Americas
   New York, NY 10019
12 Telephone: (212) 373-3000
   Facsimile: (212) 757-3990
13 asithian@paulweiss.com
   jrooney@paulweiss.com
14
   *Attorneys for Proposed Intervenor Tencent Holdings Limited*
15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                    **SAN FRANCISCO DIVISION**

19 | U.S. WECHAT USERS ALLIANCE, CHIHUO | ) | Case No. 3:20-cv-05910-LB |
   | INC., BRENT COULTER, FANGYI DUAN, | ) | |
20 | JINNENG BAO, ELAINE PENG, and XIAO | ) | **NONPARTY TENCENT HOLDINGS** |
   | ZHANG, | ) | **LIMITED'S UNOPPOSED MOTION** |
21 | | ) | **FOR LEAVE TO FILE COMBINED** |
   |                     Plaintiffs, | ) | **MOTION AND EXCESS PAGES** |
22 | | ) | |
   |        v. | ) | |
23 | | ) | |
   | DONALD J. TRUMP, in his official capacity as | ) | |
24 | President of the United States, and WILBUR | ) | |
   | ROSS, in his official capacity as Secretary of | ) | |
25 | Commerce, | ) | |
   | | ) | |
26 |                     Defendants. | ) | |
   | | ) | |
27 |_____| ) | |

28

Pursuant to Civil Local Rule 7-11, Nonparty Tencent Holdings Limited ("Tencent") respectfully moves, on an unopposed basis, for an order permitting it to (i) file a combined motion to intervene for the limited purpose of protecting its confidential business information and maintain certain information under seal, and (ii) exceed the default page limit under Civil Local Rule 7-11(a), and in support thereof states as follows:

1. On October 23, 2020, the Court denied Defendants' motion to stay the preliminary injunction. *See* ECF Nos. 104 (under seal) and 105 (redacted). The Court instructed the parties, however, to file a joint statement reconsidering the sealing of information in Tencent's Mitigation Proposal and in the Costello Declaration and the Decision Memo by October 27, 2020. ECF No. 105. To provide Tencent "an opportunity to provide the parties with its position on the issues raised by the Court and, if necessary, to defend any equities in sealing on its own accord," the parties entered into a stipulation extending the time to file their joint statement to November 3, 2020. ECF No. 107 at 2. The Court so ordered the stipulation on October 27, 2020. *See* ECF No. 108.

2. On October 29, 2020, Counsel for Tencent contacted Plaintiffs' counsel and Defendants' counsel to inform them that, on Monday, November 2, 2020, Tencent would be filing a combined motion to intervene in the above-captioned litigation for the limited purpose of protecting its confidential business information, and to maintain certain information under seal. *See* Gonzalez Decl. ¶ 3.[1]

3. In light of the overlapping factual and legal issues, Tencent respectfully submits that it would be inefficient and a waste of judicial resources to file two separate motions. Tencent therefore intends to a file a single combined motion to intervene for the limited purpose of protecting its confidential business information, and to maintain certain information under seal. *See* Gonzalez Decl. ¶ 6. Tencent expects to file this combined motion later today.

---

[1] Citations in the form of "Gonzalez Decl." refer to the Declaration of Roberto J. Gonzalez in Support of Nonparty Tencent Holding Limited's Unopposed Motion for Leave to File Combined Motion and Excess Pages, dated November 2, 2020.

4. To the extent that the 5-page default limit in Civil Local Rule 7-11(a) applies to Tencent's combined motion, including to maintain certain information under seal, Tencent also seeks an order permitting it to exceed the default page limit by 10 pages, changing the maximum length of its motion from 5 pages to 15 pages. Tencent respectfully submits that this request is reasonable and supported by good cause given the volume and complexity of Tencent's confidential business information at issue. *See* Gonzalez Decl. ¶ 7.

5. As set forth in the accompanying Declaration of Roberto Gonzalez, both Plaintiffs and Defendants consent to Tencent's motion for leave to file a combined motion and excess pages. *See* Gonzalez Decl. ¶ 5.

Dated: November 2, 2020            Respectfully submitted,

                                   KEESAL, YOUNG & LOGAN

                                   By: /s/ Peter R. Boutin
                                   Peter R. Boutin

                                   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                   Roberto J. Gonzalez (*pro hac vice forthcoming*)
                                   Anand Sithian (*pro hac vice forthcoming*)
                                   Jake E. Struebing (*pro hac vice forthcoming*)
                                   Julie L. Rooney (*pro hac vice forthcoming*)

                                   *Attorneys for Proposed Intervenor Tencent Holdings Limited*