MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
VAN SWEARINGEN – 259809
BENJAMIN BIEN-KAHN – 267933
ALEXANDER GOURSE – 321631
AMY XU – 330707
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
  egalvan@rbgg.com
  vswearingen@rbgg.com
  bbien-kahn@rbgg.com
  agourse@rbgg.com
  axu@rbgg.com

KELIANG (CLAY) ZHU – 305509
DEHENG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, California 94588
Telephone: (925) 399-5856
Facsimile: (925) 397-1976
Email: czhu@dehengsv.com

ANGUS F. NI – Admitted *Pro Hac Vice*
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington 98104
Telephone: (773) 543-3223
Email: angus@afnlegal.com

THOMAS R. BURKE – 141930
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

DAVID M. GOSSETT – Admitted *Pro Hac Vice*
COURTNEY T. DETHOMAS – 294591
DAVIS WRIGHT TREMAINE LLP
1301 K Street N.W., Suite 500 East
Washington, D.C. 20005-3366
Telephone: (202) 973-4216
Facsimile: (202) 973-4499
Email: davidgossett@dwt.com
  courtneydethomas@dwt.com

JOHN M. BROWNING – Admitted *Pro Hac Vice*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
Telephone: (212) 603-6410
Facsimile: (212) 483-8340
Email: jackbrowning@dwt.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, and GINA RAIMONDO, in her official capacity as Secretary of Commerce,<br><br>Defendants. | Case No. 3:20-cv-05910-LB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge: Hon. Laurel Beeler<br><br>Trial Date: None Set |

Plaintiffs U.S. WeChat Users Alliance ("USWUA"), Chihuo, Inc., Brent Coulter, Fangyi Duan, Jinneng Bao, Elaine Peng, and Xiao Zhang ("Plaintiffs"), and Defendants President Joseph R. Biden, Jr. and Secretary of Commerce Gina Raimondo ("Defendants") (collectively, "the parties"), through counsel, have met and conferred to the extent required by Rule 26(f) of the Federal Rules of Civil Procedure[1] and jointly submit the following Case Management Conference Statement, which includes the parties' joint report pursuant to Rule 26(f)(2).

**1.    JURISDICTION AND SERVICE**

The parties agree that venue, service and statutory subject matter jurisdiction under 28 U.S.C. § 1331 are proper.

Defendants believe that at this juncture, there is no longer a live controversy between the parties. On June 11, 2021, the Biden Administration issued a new Executive Order that, among other things, establishes processes for evaluating and taking appropriate action with respect to certain risks posed by connected software applications. *See* Exec. Order No. 14,034, Protecting United States Persons' Sensitive Data from Foreign Adversaries, § 2(b)-(d), 86 Fed. Reg. 31,423, 31,424-25 (June 11, 2021). Without prejudice to any potential future actions, Executive Order 14,034 revoked the prior administration's Executive Order pertaining to WeChat, *see id.* § 1 (revoking Exec. Order. No. 13,943), and further directed that all Executive Branch agencies "promptly take steps to rescind any orders, rules, regulations, guidelines, or policies … implementing or enforcing" that prior Executive Order and abolish "any personnel positions, committees, task forces, or other entities established pursuant to [that prior Executive Order] as

---

[1] Defendants dispute that Rule 26(f) applies to this proceeding. Plaintiffs seek judicial review of final agency action, which is presumptively based upon an administrative record, not civil discovery. *See, e.g.*, *Friends of the Earth v. Hintz*, 800 F.2d 822, 828-29 (9th Cir. 1986) ("With a few exceptions.… judicial review of agency action is limited to a review of the administrative record."). Rule 26(f) thus appears to be inapplicable on its own terms. *See* Fed. R. Civ. P. 26(a)(1)(B), (f)(1) (exempting from Rule 26(f)'s requirements "action[s] for review on an administrative record"). Nevertheless, Defendants do not see any benefit to motion practice on the issue, particularly in the current posture, and Defendants are therefore jointly submitting this report with Plaintiffs.

appropriate and consistent with applicable law." *Id.* § 2(a). The Secretary of Commerce has taken all steps necessary to comply with Executive Order 14,034, including by rescinding the prohibitions regarding the WeChat application that are challenged in this case. *See* Rescission of Identification of Prohibited Transactions With Respect to TikTok and WeChat, 86 Fed. Reg. 32,757 (June 23, 2021). In Defendants' view, this case is therefore moot. *See Kavoosian v. Blinken*, No. 20-55325, 2021 WL 1226734, at *1 (9th Cir. Feb. 9, 2021); *League of Conservation Voters v. Biden*, 843 F. App'x 937, 939 (9th Cir. 2021).

Plaintiffs do not waive any argument but have agreed that in light of the revocation of Executive Order 13,943, and based on Defendants' representations that all necessary actions have been taken to comply with Executive Order 14,034, they do not anticipate further litigation in this matter.

## 2. FACTS

On August 6, 2020, then-President Trump issued Executive Order 13,943, 85 Fed. Reg. 48,641, pertaining to WeChat, a mobile application created and operated by the Chinese firm Tencent Holdings Ltd. ("Tencent"). Executive Order 13,943 directed the Secretary of Commerce to identify a set of prohibited WeChat-related transactions. Plaintiffs brought this lawsuit shortly afterward, and on September 18, 2020, the Secretary issued a notice (the "Identification") identifying for prohibition six categories of technological services that facilitate operation of the WeChat mobile app. The prohibitions in the Identification were preliminarily enjoined by the Court on September 19, 2020. *See* ECF No. 59.

On February 12, 2021, this case was stayed to permit the incoming Administration the opportunity to review the actions at issue in this lawsuit. *See* ECF Nos. 150, 151. On June 11, 2021, the Biden Administration revoked Executive Order 13,943 and directed that all Executive Branch agencies "promptly take steps to rescind any orders, rules, regulations, guidelines, or policies … implementing or enforcing" that prior Executive Order and abolish "any personnel positions, committees, task forces, or other entities

established pursuant to [that prior Executive Order] as appropriate and consistent with applicable law." Exec. Order 14,034 § 2(a). On June 23, 2021, the Secretary of Commerce rescinded the prohibitions at issue in this case. *See* Rescission of Identification of Prohibited Transactions With Respect to TikTok and WeChat, 86 Fed. Reg. 32,757 (June 23, 2021). The Secretary has taken all necessary actions to comply with Executive Order 14,034.

**3.    LEGAL ISSUES**

This case initially presented claims challenging Executive Order 13,943 and the Identification pursuant to the First Amendment, the Fifth Amendment, the International Emergency Economic Powers Act (IEEPA), the Religious Freedom and Restoration Act, and the Administrative Procedure Act (APA), as well as issues regarding the scope of the Court's jurisdiction to resolve the Plaintiffs' claims. However, in light of the above developments, the parties do not anticipate further litigation on the merits.

**4.    MOTIONS**

Plaintiffs filed a Motion for Preliminary Injunction on August 28, 2020. ECF No. 17. Plaintiffs also moved for expedited discovery on September 3, 2020, ECF No. 18, which the Court denied on September 10, 2020. ECF No. 25. Following the issuance of the Secretary's Identification and at the Court's request, Plaintiffs filed a Renewed Motion for Preliminary Injunction on September 18, 2020. ECF No. 48. On September 19, 2020, the Court granted "the plaintiffs' motion for a nationwide injunction against the implementation of Executive Order 13,943 (limited to the Secretary of Commerce's Identification of Prohibited Transactions 1 through 6)." ECF No. 59.

On September 24, 2020, Defendants filed a Motion to Stay Injunction Pending Appeal ("Motion to Stay," ECF No. 68), which the Court denied on October 23, 2020 (ECF No. 105).

The Court granted administrative motions brought by Plaintiffs (ECF No. 85) and Defendants (ECF No. 94) asking the Court to seal business information and related references that non-party Tencent Inc. designated as confidential business information

1. when it produced such information in response to an administrative subpoena served by the Department of Commerce, and which was included in the Administrative Record and produced to counsel for Plaintiffs subject to a stipulated protective order. *See* ECF Nos. 92, 103, 108. On November 3, 2020, non-party Tencent Inc. moved to intervene for the limited purpose maintaining its mitigation proposal and related references under seal (ECF No. 125), which the Court granted-in-part on November 24, 2020 (ECF No. 133).

Defendants moved to dismiss the First Amended Complaint on November 16, 2020 (ECF No. 130). On December 8, 2020, Plaintiffs filed a Second Amended Complaint (ECF No. 136), thereby mooting the pending Motion to Dismiss. On December 23, 2020, Defendants moved to dismiss the Second Amended Complaint in part. ECF No. 141. Plaintiffs filed an Opposition on February 1, 2021, ECF No. 149. Defendants' Reply deadline was stayed on February 12, 2021. ECF No. 151.

As set forth above, the parties do not anticipate further litigation on Plaintiffs' claims, including on Defendants' pending motion to dismiss, except that Plaintiffs intend to seek attorneys' fees and costs, which may involve motion practice.

**5.    AMENDMENT OF PLEADINGS**

The parties do not anticipate any amendment of pleadings.

**6.    EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and taken adequate steps to ensure that evidence will be preserved.

**7.    DISCLOSURES**

The parties previously agreed to delay any exchange of initial disclosures, and to meet and confer regarding whether discovery is appropriate. At this juncture, the parties do not anticipate further litigation on Plaintiffs' claims and therefore do not expect to exchange disclosures or otherwise engage in discovery or motion practice pertaining to discovery.[2]

---

[2] Defendants do not believe that discovery would be appropriate in this administrative review case.

**8.   DISCOVERY**

See Section 7, above.

**9.   CLASS ACTIONS**

This case is not a class action.

**10.   RELATED CASES**

The parties are not currently aware of any related cases.

**11.   RELIEF**

As noted above, the parties do not expect further litigation on Plaintiffs' claims for relief, but they will meet and confer with regarding Plaintiffs' anticipated demand for attorneys' fees and litigation expenses.

**12.   SETTLEMENT AND ADR**

This action was assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  *See* ECF No. 4.  Counsel for the parties have discussed the selection of an ADR process but do not believe such process is warranted in light of the current posture.  As required by the Court's November 20, 2020 Order (ECF No. 132), the parties filed their ADR certification forms on January 21, 2021.  ECF Nos. 147, 148.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to Magistrate Judge Beeler conducting all proceedings in this case.

**14.   OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

As discussed above, the parties have overwhelmingly narrowed the issues in this lawsuit.  Specifically, in light of Defendants' revocation of Executive Order 13,943 and the Commerce prohibitions at issue, and Defendants' representation that Commerce has completed all steps required under section 2(a) of Executive Order 14034, Plaintiffs do not

anticipate further litigation in this matter.  However, Plaintiffs do expect to prepare a demand for attorneys' fees and costs under the Equal Access to Justice Act, and the parties intend to confer on that issue.

**16. EXPEDITED TRIAL PROCEDURE**

This case is not the kind of case that should be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

During the week of August 2, 2021, Plaintiffs intend to present Defendants with a demand for attorneys' fees and costs under the Equal Access to Justice Act, for fees and costs incurred in both the district court and Ninth Circuit.  The parties jointly request that this Court continue the Case Management Conference presently set for August 5, 2021 until September 16, 2021, or the Court's next availability, with an updated statement due one week in advance of the Case Management Conference.  In the interim, the parties anticipate meeting and conferring to see if they can resolve the remaining issues without motion practice.  In the event the parties do resolve the issue of attorneys' fees and costs, the parties anticipate filing a stipulation of dismissal.  The parties will notify the Court in the event the parties are unable to resolve the issue of attorneys' fees and costs, at which time they will seek to confirm a briefing schedule for Plaintiffs' fees motion.

**18. TRIAL**

The parties do not anticipate this case to go to trial.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed a disclosure of interested entities or persons on January 19, 2021, identifying no interested entities other than Plaintiffs themselves.  Plaintiffs filed a supplemental certification on January 20, 2021 stating that Tencent Holdings Ltd. is an interested entity within the meaning of Civil L.R. 3-15 in that it (i) has a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  No such disclosure is required of the Government.  *See*

Local Rule 3-15.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER MATTERS**

In light of the ongoing pandemic and the limited issues remaining for resolution, the parties propose that the parties and the Court continue their practice of using remote procedures to convene any necessary and appropriate remaining proceedings in this case.

DATED:  July 29, 2021                    Respectfully submitted,

                                            ROSEN BIEN GALVAN & GRUNFELD LLP

                                            By:  */s/ Van Swearingen*
                                                Van Swearingen

                                            Attorneys for Plaintiffs

| | | |
|---|---|---|
| DATED: July 29, 2021 | | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| | | |
| | | ALEXANDER K. HAAS<br>Branch Director |
| | | |
| | | DANIEL SCHWEI<br>Special Counsel |
| | By: | */s/ Serena Orloff*<br>Serena M. Orloff<br>U.S. Department of Justice, Civil Division<br>Federal Programs Branch<br>1100 L Street NW, Room 12512<br>Washington, DC 20005<br>(202) 305-0167 (office)<br>(202) 616-8470 (fax)<br>Serena.M.Orloff@usdoj.gov |
| | | Attorneys for Defendants |

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

DATED: July 29, 2021

By: */s/ Van Swearingen*
Van Swearingen