| | |
|---|---|
| MICHAEL W. BIEN – 096891 | THOMAS R. BURKE – 141930 |
| ERNEST GALVAN – 196065 | DAVIS WRIGHT TREMAINE LLP |
| VAN SWEARINGEN – 259809 | 505 Montgomery Street, Suite 800 |
| BENJAMIN BIEN-KAHN – 267933 | San Francisco, California  94111-6533 |
| ALEXANDER GOURSE – 321631 | Telephone:    (415) 276-6500 |
| AMY XU – 330707 | Facsimile:     (415) 276-6599 |
| ROSEN BIEN | Email:           thomasburke@dwt.com |
| GALVAN & GRUNFELD LLP | |
| 101 Mission Street, Sixth Floor | DAVID M. GOSSETT – Admitted *Pro Hac Vice* |
| San Francisco, California  94105-1738 | COURTNEY T. DETHOMAS – 294591 |
| Telephone:    (415) 433-6830 | DAVIS WRIGHT TREMAINE LLP |
| Facsimile:     (415) 433-7104 | 1301 K Street N.W., Suite 500 East |
| Email:           mbien@rbgg.com | Washington, D.C.  20005-3366 |
|                        egalvan@rbgg.com | Telephone:    (202) 973-4216 |
|                        vswearingen@rbgg.com | Facsimile:     (202) 973-4499 |
|                        bbien-kahn@rbgg.com | Email:           davidgossett@dwt.com |
|                        agourse@rbgg.com |                        courtneydethomas@dwt.com |
|                        axu@rbgg.com | |
| KELIANG (CLAY) ZHU – 305509 | JOHN M. BROWNING – Admitted *Pro Hac Vice* |
| DEHENG LAW OFFICES PC | DAVIS WRIGHT TREMAINE LLP |
| 7901 Stoneridge Drive #208 | 1251 Avenue of the Americas, 21st Floor |
| Pleasanton, California  94588 | New York, New York  10020-1104 |
| Telephone:    (925) 399-5856 | Telephone:    (212) 603-6410 |
| Facsimile:     (925) 397-1976 | Facsimile:     (212) 483-8340 |
| Email:           czhu@dehengsv.com | Email:           jackbrowning@dwt.com |

ANGUS F. NI – Admitted *Pro Hac Vice*
AFN LAW PLLC
502 Second Avenue, Suite 1400
Seattle, Washington  98104
Telephone:    (773) 543-3223
Email:           angus@afnlegal.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. WECHAT USERS ALLIANCE, CHIHUO INC., BRENT COULTER, FANGYI DUAN, JINNENG BAO, ELAINE PENG, and XIAO ZHANG,<br><br>         Plaintiffs,<br><br>     v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, and GINA RAIMONDO, in her official capacity as Secretary of Commerce,<br><br>         Defendants. | Case No. 3:20-cv-05910-LB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:   Hon. Laurel Beeler<br><br>Trial Date:        None Set |

Plaintiffs U.S. WeChat Users Alliance ("USWUA"), Chihuo, Inc., Brent Coulter, Fangyi Duan, Jinneng Bao, Elaine Peng, and Xiao Zhang ("Plaintiffs"), and Defendants President Joseph R. Biden, Jr. and Secretary of Commerce Gina Raimondo ("Defendants") (collectively, "the parties"), through counsel, have met and conferred and submit the following case management statement regarding the status of proceedings in this case.

1. Plaintiffs filed this case on August 21, 2020, seeking declaratory and injunctive relief against the President and the Secretary of Commerce in relation to Executive Order No. 13943, "Addressing the Threat Posed by WeChat, and Taking Additional Steps to Address the National Emergency with Respect to the Information and Communications Technology and Services Supply Chain" ("WeChat Executive Order"), 85 Fed. Reg. 48641 (Aug. 6, 2020).

2. On September 18, 2020, the Secretary identified six categories of prohibitions pursuant to the WeChat Executive Order ("Prohibitions"). Plaintiffs subsequently amended their complaint to challenge the Secretary's Prohibitions and sought to preliminarily enjoin the Prohibitions.

3. On September 19, 2020, the Court granted Plaintiffs' motion to preliminarily enjoin the Secretary's six identified prohibitions, and subsequently declined to stay its injunction pending Defendants' appeal to the Court of Appeals for the Ninth Circuit.

4. On February 12, 2021, the Court stayed this case to permit the incoming Administration to review the Secretary's prohibitions regarding the WeChat mobile application at issue in this case.

5. Based on that review, on June 11, 2021, the President issued Executive Order No. 14034, Protecting United States Persons' Sensitive Data from Foreign Adversaries, 86 Fed. Reg. 31,423, 31,424-25 (June 11, 2021) ("EO 14034"), which, among other things, revoked the prior administration's WeChat Executive Order, *see id.* § 1, and further directed that all Executive Branch agencies "promptly take steps to rescind any orders, rules, regulations, guidelines, or policies . . . implementing or enforcing" the WeChat Executive Order, and abolish "any personnel positions, committees, task forces,

1 or other entities established pursuant to" the WeChat Executive Order. *Id.* § 2(a).

2     6.     Pursuant to EO 14034, on June 23, 2021, the Secretary of Commerce
3 rescinded the Prohibitions. *See* Rescission of Identification of Prohibited Transactions
4 With Respect to TikTok and WeChat, 86 Fed. Reg. 32,757 (June 23, 2021).

5     7.     On July 29, 2021, the parties filed a Joint Case Management Statement, ECF
6 No. 161, informing the Court (among other things) that in light of the President's
7 revocation of the WeChat Executive Order pursuant to EO 14034 and the Secretary's
8 actions to comply with EO 14034, the parties do not anticipate further litigation in this
9 matter, except that Plaintiffs intend to seek attorneys' fees and costs pursuant to the Equal
10 Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which could involve motion practice.
11 The parties stated that they would meet and confer regarding Plaintiffs' EAJA request and
12 request a briefing schedule if they were unable to resolve the issue without Court
13 intervention.

14     8.     The parties are currently conferring regarding Plaintiffs' request for fees and
15 costs. On August 6, 2021, Plaintiffs submitted a written proposal regarding EAJA fees and
16 costs to undersigned counsel for Defendants. At Defendants' request, Plaintiffs submitted
17 more detailed billing records and other information on August 19, 2021. Defendants are
18 still working through that information, and have requested further information from
19 Plaintiffs. Defendants anticipate responding to Plaintiffs' proposal no later than September
20 28, 2021; however, such response will be based on the information provided to date. Any
21 settlement would be subject to the required authorization processes within both the
22 Department of Justice and the Department of Commerce.

23     9.     In light of the current status, the parties respectfully submit that the case
24 management conference currently scheduled for September 30, 2021, may not be
25 necessary, unless the Court wishes to hear from the parties directly regarding the current
26 status. If not, the parties propose instead to file a further case management statement or
27 joint status report no later than October 21, 2021, informing the Court of the status of their
28 fee negotiations and, if they have not yet reached an agreement, whether they seek a

referral to mediation or a briefing schedule to resolve the issue.

DATED:  September 23, 2021        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:  */s/ Van Swearingen*
     Van Swearingen

Attorneys for Plaintiffs

DATED:  September 23, 2021        BRIAN M. BOYNTON
                                  Acting Assistant Attorney General

                                  ALEXANDER K. HAAS
                                  Branch Director

                                  DANIEL SCHWEI
                                  Special Counsel

                                  By:  */s/ Serena Orloff*
                                       Serena M. Orloff
                                       U.S. Department of Justice, Civil Division
                                       Federal Programs Branch
                                       1100 L Street NW, Room 12512
                                       Washington, DC 20005
                                       (202) 305-0167 (office)
                                       (202) 616-8470 (fax)
                                       Serena.M.Orloff@usdoj.gov

                                  Attorneys for Defendants

3                               Case No. 3:20-cv-05910-LB
JOINT CASE MANAGEMENT CONFERENCE STATEMENT